Driver, Adm., v. Evans, Guardian.

## DRIVER, ADM., v. EVANS, GUARDIAN.

1. INFANTS: *Pleading and practice.*
   The rights of an infant can not be judicially affected except upon proper pleadings and proof. A guardian cannot admit anything prejudicial to his interest.

2. SWAMP LANDS: *Evidence of entry.*
   The purchase of swamp land from the state can be proved only by the certificate or deed of purchase, or, in their absence, by certified transcript of the records

and official documents of the proper land office. The certificate of the state land commissioner of what the records in his office show is not admissible.

APPEAL from *Mississippi* Circuit Court in Chancery. Hon. W. H. CATE, Circuit Judge.

*O. P. Lyles* for Appellant.

If the land was in fact swamp and overflowed, and of this the evidence is conclusive, the title to the land passed to the state by virtue of the Act of 1850. *24 Ark., 444; 33 Id., 833; 36 Id., 334.*

The Sawyer receipt and the Smithee certificate, with the evidence of the witnesses, that Stewart entered the land and was in possession at the time of his death, was sufficient even in ejectment. *33 Ark., 335.*

*U. M. & G. B. Rose* and *John C. Palmer* for Appellees.

The Sawyer receipt and Smithee's certificate are not competent evidence. *Mansf. Dig., sec. 2833; Greenl. Ev., vol. 1, sec. 498; 1 Whart. Ev., sec. 120; 33 Ark., 833.*

The patent of the United States is conclusive, unless overthrown by clear testimony. *93 U. S., 169; 39 Ark., 121; 33 Id., 833.*

BATTLE, J. This is a suit in chancery to impeach the validity of a patent issued by the United States to James H. Cannon for certain land in Mississippi county. Plaintiff alleges, substantially, in his complaint, that this land was a part of the swamp and overflowed lands granted to this state by an act of congress, approved the 28th day of September, 1850 ; that his intestate, James Stewart, purchased it from the state on the 16th day of December, 1851 ; that the state of Arkansas selected and reported it as swamp land on the 20th day of January,

1860; that James H. Cannon entered it, in the land office of the United States, on the 4th day of November, 1872, as a homestead, under the act of congress entitled "An act to secure homesteads to actual settlers on the public domain," approved May 20, 1862; that it was conveyed by the United States to James H. Cannon, by patent, on the first day of June, 1875; and asks that the patent be set aside and defendant be restrained by injunction from holding or claiming the land under the patent, and for general relief.

James H. Cannon was the defendant in this action at its commencement. He died during its pendency, and it was revived against his heirs. They are minors, and defend by a guardian *ad litem*, who answered the above mentioned complaint for them, it having never been answered by Cannon.

At the hearing of this action, plaintiff introduced as evidence, what purports to be a receipt of William W. Sawyer to James Stewart, for a certificate of purchase of the land in question, signed by John C. O. Smith, land agent for the Helena district, and dated the 22d day of July, 1859, and a certificate of J. N. Smithee, commissioner of state lands for the state of Arkansas, certifying that, according to the records and official documents in his office, it appeared the land in question was selected and reported as swamp and overflowed land by the State of Arkansas, on the 20th day of January, 1860; that James Stewart purchased it from the "old board of swamp land commissioners," on the 16th day of December, 1851, and that afterwards, on the 22d day of July, 1859, a "holding certificate, No. 205," was issued to him for it, and that this certificate is still outstanding. No other evidence was introduced to prove that James Stewart ever acquired from the state any interest in this land. Much evidence was introduced to prove the character of the land as to its being wet and unfit for cultivation.

A decree was rendered by the court below in favor of defendants, dismissing the action, and plaintiff appealed.

Driver, Adm., v. Evans, Guardian.

I. INFANTS :—
Not prejudiced
by bad pleading

The defendants being infants their rights could not be judicially affected, except upon proper issues and proof. Their guardian *ad litem* had no authority to admit anything prejudicial to their interest ; the statutes made it her duty to deny every allegation of the complaint prejudicial to them. The statutes of the state and the denials contained in defendant's answer, therefore made it necessary for plaintiff to prove every material allegation of his complaint. *Mansf. Dig., secs. 4957, 5042; Evans, Guardian v. Davies, Admr., 39 Ark., 235.*

2. Swamp
ands.

In order for plaintiff to maintain this action, it was necessary for him to prove by competent evidence that his intestate, James Stewart, purchased the land in question from the state, and thereby became entitled to whatever interest she had in the land, if any. It is unnecessary to decide what interest that was. That question does not arise here and is not considered. If this land was a part of the swamp and overflowed lands granted by congress to the state, and the state never sold or disposed of it, the state alone is competent to impeach the title of defendants, or to complain of any disposition made of it by the United States. *Branch v. Mitchell, 24 Ark., 441; Bohall v. Dilla, 114 U. S., 47; Lee v. Johnson, 116 U. S., 48; Sparks v. Pierce, 115 U. S., 408.*

Evidence of
entry.

Plaintiff totally failed to prove that James Stewart purchased the land in question from the state. The receipt of Sawyer and certificate of Smithee were not competent evidence. The receipt was not sufficient to show the existence of a certificate of purchase, nor the certificate of Smithee to prove the contents of the records and official documents in the office of the land commissioner. The proper evidence in the last case, in the absence of the originals, is a copy of the record and official documents duly authenticated. *1 Greenleaf on Evidence, secs. 482, 484, 498.*

Decree affirmed.