## BARR v. JOHNSON.

### Opinion delivered February 19, 1912.

1. FRAUDS, STATUTE OF—WHEN APPLICABLE.—In an action to recover damages for the breach of a contract for the sale of land, an undelivered deed of the defendant to a third person is not sufficient to take the case out of the statute of frauds where, upon the face of the deed, the plaintiff is a stranger to the contract, and there is no memorandum in writing connecting him with it; nor could the plaintiff rely upon such deed, if it could be shown by parol that the title it purports to pass was to be held in trust for him, unless it was also shown that the grantee had offered to perform the contract. (Page 379.)

2. SAME—EFFECT. OF DELIVERY OF DEED IN ESCROW.—The rule that the delivery of a deed in escrow takes a case out of the operation of the statute of frauds applies only in favor of the grantee therein. (Page 380.)

Appeal from Sevier Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*Collins & Collins,* for appellant.

Whatever might have been said by appellant prior to the 13th day of April, 1909, with reference to the purchase of the

land himself, the whole matter was merged into a broker's contract, pure and simple, when on that day appellee executed and delivered the deed in escrow to the First National Bank of De Queen and drew his draft on Hammond for $11,500 and attached it to the deed, etc. Such contracts do not of necessity have to be in writing; and the statute of frauds does not apply to escrow agreements. 18 L. R. A. (N. S.) 337; 90 Ark. 301.

*O. T. Wingo, J. S. Lake, J. S. Steel, James D. Head* and *John C. Head,* for appellee.

The complaint alleges an oral contract of purchase and a breach of such contract, and prays for damages. No allegation nor proof of a broker's contract appears. The case falls within the statute of frauds. Hammond is a total stranger to the contract between appellant and appellee, and the placing the deed in escrow does not constitute such a memorandum as will satisfy the statute. 51 Ark. 483; 1 Devlin on Deeds (3 ed.) 551; 144 Mass. 465; 80 Ind. 132; 81 Ind. 191; 17 Ia. 485; 48 Ia. 99; 85 Me. 242; 98 Me. 373; 16 Minn. 172; 24 Neb. 83; 97 N. W. 1018; 33 N. J. Eq. 650; 1 Pars. Eq. Cas. (Pa.) 96; 85 Pa. St. 508; 116 Pa. St. 329.

McCULLOCH, C. J. This is an action to recover damages on account of an alleged refusal of defendant to perform his contract for the sale of land. The complaint alleges, in substance, that plaintiff and defendant entered into an oral contract, whereby the defendant agreed to sell to the plaintiff certain tracts of land in Sevier County, Arkansas, for the sum of $8,000; "that it was understood and agreed by and between the parties, at the time of said transaction, that said lands were bought by plaintiff for the purpose of speculation, and defendant agreed at the time to make a deed conveying same to any party to whom plaintiff should sell said land; and that plaintiff should be entitled to all sums for which he should sell same in excess of $8,000;" that plaintiff negotiated a sale of the lands with one Charles Hammond for the sum and price of $11,500; that, pursuant to said contract, the defendant executed a warranty deed conveying said lands to Hammond, which deed, together with a draft for the amount of the purchase price, was delivered to the cashier of a bank in De Queen, to be held by said bank until such time as the abstract of title to said lands might be perfected, that plaintiff was required

to, and did, pay to said bank the sum of $100 as a forfeit in case plaintiff failed to comply with his contract by causing $8,000 to be paid to defendant when the abstract of title was perfected and the deed ready for delivery. It is further alleged that the defendant subsequently sold the land in violation of his contract to another person, and refused to perform his contract with plaintiff. The prayer of the complaint was for the recovery of $3,500, the difference between the price to be paid by Hammond and the price defendant agreed to accept from plaintiff.

The defendant answered, denying all the allegations of the complaint as to the contract, and pleading the statute of frauds.

The testimony in the case tended to establish the allegations of the complaint as to the oral agreement and as to the delivery of the deed to the bank and the posting by plaintiff of the forfeit; but it further shows that Hammond declined to accept the deed on account of alleged defects in the title. Plaintiff testified that he did not refuse to accept a conveyance himself, and that he could have bought it and would have gotten the money to pay for it, notwithstanding Hammond's refusal to accept the deed.

The court gave a peremptory instruction in favor of defendant, and this appeal challenges the correctness of that ruling.

The oral contract between plaintiff and defendant was, of course, within the statute of frauds and void. Counsel for plaintiff insist, however, that the delivery of the Hammond deed to the bank in escrow takes the case out of the operation of the statute. It is said that the trial judge based his ruling on the decision of this court in *Henderson* v. *Beard*, 51 Ark. 485, and we are the opinion that he was correct in holding that that case was conclusive of the present one. It was there held, quoting the syllabus, that "in an action to recover damages for the breach of a contract for the sale of land, an undelivered deed of the defendant to a third person is not sufficient to take the case out of the statute of frauds where, upon the face of the deed, the plaintiff is a stranger to the contract, and there is no memorandum in writing connecting him with it. Nor could the plaintiff rely on such deed, if it could be shown

by parol that the title it purports to pass was to be held in trust for him, unless it was also shown that the grantee had, on his part, offered to perform the contract."

Now, in the present case, as in the one quoted from, there is no writing by which either the contract between plaintiff and defendant or the connection between plaintiff and Hammond is evidenced. The rule seems to be generally settled that the delivery of the deed in escrow takes a case out of the operation of the statute of frauds. Note to *Manning* v. *Foster*, 18 L. R. A. (N. S.) 337. But this would only apply to an enforcement of the contract by Hammond, the grantee in the deed; and, as plaintiff has failed to connect himself with the transaction by any writing, he can derive no aid from the execution of the deed. The rule would be different if plaintiff were suing to recover his commission on a sale made by him for the defendant. A contract of that kind is not within the statute of frauds. *Forrester-Duncan Land Co.* v. *Evatt*, 90 Ark. 301. But this is a suit for breach of a contract for sale of the land to the plaintiff himself, and comes squarely within the operation of the statute. We are of the opinion that the ruling of the circuit court was correct, and the judgment is affirmed.