## FROMHOLZ *v*. MCGAHEY.

### Opinion delivered October 4, 1915.

1. CONFLICT OF LAWS—RES ADJUDICATA—JUDGMENT.—A plea of *res adjudicata,* based upon a judgment rendered in another State, is sustained upon proof made by a certified copy of the judgment, together with all the pleadings on which the judgment was founded.

2. CONFLICT OF LAWS—EVIDENCE—RES ADJUDICATA.—Under a plea of *res adjudicata,* based upon a judgment rendered in another State, after submission of the cause to the chancellor, it is proper for the chancellor to permit the filing of the answer filed in the cause in the other State.

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Oscar E. Williams,* for appellants.

The plea of *res adjudicata* was not made out:

1. The alleged record of the pleadings and proceedings in the Nebraska court was incomplete as appears by the certificate of the clerk thereto attached. 9 Pet. 623; 70 Ark. 345; 72 Ark. 51; 78 Ark. 246; 90 Ark. 200; 45 N. Y. 27; 3 Mo. 353.

2. The alleged answer in the Nebraska case, introduced after the submission of this cause, and after the lapse of the term in which the case was submitted, should have been excluded. 44 S. E. 542; 53 W. Va. 173; 4 S. & R. 480-482.

3. The alleged decree and judgment of the district court in Nebraska, and the mandate of the Supreme Court of that State, are vague and indefinite, and do not show that the case was ever decided on its merits or what the alleged judgment of dismissal in either instance was for. Freeman on Judgments, § § 261, 263; Rood on Judgments, § 22; 14 La. Ann. 491; 11 Enc. Pl. & Pr. 929-934; 8 Bing. 335; 1 Camp. 253; 4 M. & Gr. 62; 2 *Id.* 2; 94 U. S. 606; 22 Vt. 260; 102 Mass. 245.

*Jones & Owens* and *W. J. Otjen,* for appellees.

The evidence submitted by the appellees in support of their plea of *res adjudicata* shows conclusively that the parties to the Nebraska suit, and the issues raised by the pleadings therein, were identical with the parties to and issues raised in, the cross-complaint in this case, and, further, that the Nebraska case was decided on its merits. 23 Cyc. 1300. By the petition and answer the issues are clearly determined. Neither a demurrer or motion would exemplify the issues further, yet had there been any demurrers or motions which appellants thought might have affected the case favorably to themselves, it devolved upon them to produce them. 23 Cyc. 1526.

In the absence of evidence to the contrary, the presumption of law is that the proceedings in a foreign state were regular. 15 S. W. 775.

A judgment is conclusive except as to jurisdiction or fraud in obtaining it. 35 Ark. 331; 48 Ark. 50; 90 Ark. 351, 119 S. W. 75.

It was within the discretion of the court, in the furtherance of justice, to set aside the submission and admit the answer in the Nebraska case in evidence. 94 Ark. 365.

HART, J. In 1909 Gertrude H. McGahey and Agatha Reisen instituted this action in the chancery court against

Fred and Bernard Fromholz asking for a partition for certain lands in Lonoke County, which they claim that they with the defendants own as tenants in common. The defendants filed a cross-complaint against the plaintiff in which they ask for recovery of part of the proceeds of land in Nebraska which was sold by Gertrude H. McGahey. The facts are as follows:

In the year 1884 Fred W. Fromholz moved from Platte County, Nebraska, to Lonoke County, Arkansas, and died there in June, 1891. Prior to his death he had acquired about five hundred acres of land in Lonoke County and also owned two hundred acres of land in Nebraska. He left surviving him his wife, Marie Fromholz, two daughters, Agatha Reisen, Gertrude McGahey, and three sons, Fred, Ewald and Bernard Fromholz. The first three had become adults and left home before he moved to Lonoke County. The last two children, Bernard and Ewald, were living with their parents in Lonoke County at the time their father died.

By his will Fromholz devised to his wife his Nebraska land; to Ewald, 120 acres of land in Lonoke County, and to Bernard and Ewald the remainder of his land in Lonoke County. He also bequeathed to his wife and to his son, Ewald, certain personal property. He stated in his will that he had already made advancements to his three older children. Ewald died in Lonoke County in 1895.

Prior to his death he conveyed his interest in the Lonoke County land to his brother, Bernhard. The widow lived with her son, Bernhard, in Lonoke County until 1901, when she went to another State to reside with her daughter, Gertrude. In 1902 she conveyed, by deed, to her daughter, Gertrude H. McGahey, the lands in Nebraska which her husband had devised to her. In 1903 she executed another deed conveying the land to her daughter, Gertrude. In the fall of 1904 a guardian was appointed for Marie Fromholz as an insane person, and suit was at once brought by him in the district court of Platte County, Nebraska, against Gertrude H. McGahey

and Agatha Reisen. The object of the suit was to set aside the two deeds executed by Marie Fromholz to Gertrude H. McGahey, conveying her two hundred acres of land in Platte County, Nebraska.

Marie Fromholz died in 1905. Fred and Bernhard Fromholz were substituted as plaintiffs. The allegations of the complaint were that Marie Fromholz at the time she executed the deeds to her daughter, Gertrude H. McGahey, was mentally incompetent to transact business and that the execution of the deeds was procured by the undue influence of her said daughter. An answer was filed by the defendants denying the allegation of the plaintiffs. A great deal of testimony was taken by both sides. The court found for the defendants and the complaint of the plaintiffs was dismissed at their cost. The decree recites that the cause came on for hearing on the 10th day of February, 1908, upon the amended and supplemental petition of the plaintiffs, upon answer of the defendants and upon the evidence.

(1) An appeal was taken to the Supreme Court of the State of Nebraska by the plaintiffs and the appeal was dismissed by the court. The object of the action instituted by the plaintiffs against the defendants in the Lonoke Chancery Court in 1909, was for the partition of the lands in Lonoke County, the plaintiffs, Gertrude H. McGahey and Agatha Reisen, claiming to own an interest therein as heirs of their deceased brother, Ewald. As above stated, the defendants, Bernard and Fred Fromholz, filed a cross-complaint against the plaintiffs and asked for a recovery of a part of the proceeds of the Nebraska lands which had been sold by Gertrude H. McGahey. They sought to set aside the deeds from Marie Fromholz to Gertrude H. McGahey on account of the mental incompetency of Marie Fromholz and the undue influence practiced upon her by Gertrude H. McGahey at the time the deeds were executed. An answer was filed to the cross-complaint in which Gertrude H. McGahey and Agatha Reisen denied the allegation of the cross-complaint and also entered a plea of *res adjudicata*. The court sustained

the plea of *res adjudicata* and dismissed the cross-complaint for want of equity. The cross-complainants have duly prosecuted an appeal to this court. The decree of the chancery court was correct. The issue to be determined in the Nebraska suit was whether or not Marie Fromholz was mentally incompetent at the time she executed the deeds to the Nebraska lands to her daughter, Gertrude H. McGahey, and whether or not said deeds were procured by undue influence exerted upon her by her said daughter. The same persons who instituted that action filed a cross-complaint in the present suit, and the issues in the two suits were identically the same. To maintain the plea of *res adjudicata* not only was a certified copy of the judgment of the Nebraska district court introduced, but also a certified copy of the amended and supplemental complaint and answer were introduced. The plaintiffs prosecuted an appeal to the Supreme Court of Nebraska and the court dismissed their appeal. The mandate of the Supreme Court was also introduced to sustain the plea of *res adjudicata* in the present suit. So it will be seen that the complete record of the Nebraska suit was introduced to sustain the plea of *res adjudicata* in the present action. That is to say, a certified copy of the judgment in the Nebraska suit, together with all the pleadings on which the judgment was founded were produced at the hearing in the present suit. It will be noted that the judgment in the Nebraska suit recited that the cause was heard upon the amended and supplemental complaint, upon the answer, and upon the evidence. This was sufficient to sustain the plea of *res adjudicata*. *McCarthy* v. *Troll*, 90 Ark. 199, and cases cited; *Hallum* v. *Dickinson*, 47 Ark. 120.

(2)   After the cause had been submitted to the chancellor and taken under advisement by him, the defendants to the cross-complaint asked that they be permitted to introduce a certified copy of the answer in the Nebraska suit, which was done. The action of the chancellor in this regard is assigned as error calling for a reversal of the decree. It was within the discretion of the chancellor

to allow a certified copy of the answer in the Nebraska suit to be introduced and to set aside the submission of the cause for that purpose. It follows that the decree will be affirmed.