## HOLLABAUGH v. TAYLOR.

### Opinion delivered June 3, 1918.

1. SALE OF LAND—STATUTE OF FRAUDS—SPECIFIC PERFORMANCE.—A contract to purchase land is not within the statute of frauds, where a check for the purchase money was given, an abstract of title furnished, and a deed executed and placed in escrow.

2. SPECIFIC PERFORMANCE—MERCHANTABLE TITLE.—Specific performance of a contract to purchase land will not be enforced, where it appears that a reputable attorney gave his opinion against the title, on the ground that certain deeds constituted a cloud on the title, and where the trial court found that the said deeds did cloud the title.

3. APPEAL AND ERROR—A DECREE BECOMES EFFECTIVE, WHEN.—A decree becomes effective from the day of its rendition and not from the day of its entry of record.

4. APPEAL AND ERROR—EFFORT TO AMEND RECORD AFTER RENDITION OF DECREE.—The trial court having rendered its decree, the court has a discretion to refuse to vacate its decree and try the case anew upon an amendment filed after rendition of the decree.

Appeal from Searcy Chancery Court; *Ben F. McMahan*, Chancellor; affirmed.

*S. W. Woods*, for appellant; *J. F. Henley* and *W. F. Reeves*, of counsel.

1. The check, deed and abstract of title took the transaction out of the statute of frauds. Each party had the right to specific performance the same as if the contract of sale had been in writing. 10 R. C. L. 629, § 11;

1 Devlin on Deeds, 549, 552, § 328 (3 ed.); 18 L. R. A. (N. S.) 337; 21 S. W. 538; 81 Am. St. 201; 43 L. R. A. (N. S.) 390; 30 Ark. 61; 102 *Id.* 377.

2. The abstract was delivered in time. 3 Devlin on Deeds, § 1541.

3. The abstract shows that appellant had a marketable title. The deeds to McCasland were void and no cloud on the title. 5 R. C. L. 661, § 33; 3 Devlin on Deeds (3 ed.), § 1480; 37 Ark. 643; 20 *Id.* 579; 55 *Id.* 549; 85 *Id.* 4; 77 *Id.* 527; 87 *Id.* 85. If there were any defects in the title, Taylor should have pointed them out, and having failed to do so, he is not in position to litigate them on the trial. 31 Ark. 151; 22 *Id.* 435; 23 *Id.* 147; 68 *Id.* 215.

4. It was error to refuse to allow appellant to withdraw and amend his abstract of title. Time was not of the essence of the contract and a reasonable time should have been allowed to appellant to show that he had procured deeds from the widow and heirs of McCasland. 103 Ark. 212; 120 *Id.* 69; 126 *Id.* 498; 36 Cyc. 627-8.

*Geo. J. Crump,* for appellee; *A. Y. Barr* and *Geo. Crump, Jr.,* of counsel.

1. It was an oral contract of sale of lands and void under the statute of frauds. The check, deed and abstract did not take the case out of the statute. The money was not paid in escrow and the check was not irrevocable. 89 Ark. 193.

2. Appellant did not have a merchantable title. The opinion of the attorney shows this. 120 Ark. 76; 73 *Id.* 494. A deed from the widow and heirs of McCasland was necessary at least. None of the cases cited by appellant sustain the position of appellant.

3. There was no error in refusing to allow appellant to withdraw and amend his abstract. The decree took effect from the time it was rendered, not from the time it was entered. 108 Ark. 527. It was a matter within the sound discretion of the court. He was too late.

STATEMENT OF FACTS.

On March 21, 1917, Hollabaugh made an oral contract with Taylor by which he sold Taylor two tracts of

land, one containing 15 acres and the other 16½, for the sum of $4,500. Taylor carried a large deposit at the First National Bank of Marshall, in Searcy County, where the lands were situated. Taylor drew a check for the purchase money and delivered it to A. T. Hudspeth, cashier of the bank, with directions to deliver the check to Hollabaugh when Hollabaugh delivered to Hudspeth for Taylor a deed and abstract of the title to the lands. On the same day Hollabaugh executed a warranty deed for the lands and delivered it to Hudspeth for Taylor, and employed one Morris, an abstracter, to make an abstract of title. On delivery of the deed Hudspeth delivered the check to Hollabaugh, who deposited it with the bank, and the check was marked paid. Hollabaugh also employed Eva B. Griffin to make an abstract of title to said lands. Both abstracts were completed and delivered to the bank for Taylor, who employed A. Y. Barr, an attorney of recognized ability and standing, to examine the abstract and prepare an opinion. The abstracts were delivered to Barr on April 25, and he submitted a written opinion on the title under date of April 30. Objection was made in the opinion to the title to one of the tracts on account of a defective description appearing in some of the deeds in the chain of title; but this objection appears to have been remedied.

As to the other tract Barr advised that certain quitclaim deeds were necessary to perfect the title. This objection was based upon the existence of deeds from McBride, Sooter and Stephenson to J. B. McCasland; but Hollabaugh was advised by his attorney that these deeds were void and that it appeared from their face that they did not constitute a cloud on the title. Taylor declined to accept the deed and brought suit against the bank for the full amount of his deposit. The bank answered that the $4,500 had been credited to the account of Hollabaugh and that the proceeds of this check were so held by it. It prayed the direction of the court as to the disposition it should make of this money. Hollabaugh intervened in this suit and alleged that he was a necessary party to a

full and final settlement of the issues involved. He set up the facts above recited and alleged that he had tendered Taylor a marketable title to the land contracted to be sold and he prayed a specific performance of that contract, and that the cause be transferred to equity where the relief could be granted to which he was entitled. The cause was transferred to equity, and upon the trial there the court found the fact to be that the title tendered was not a merchantable one and dismissed the complaint as being without equity, and this appeal has been prosecuted to reverse that decree. Other facts will be stated in the opinion.

SMITH, J., (after stating the facts). (1) It is contended that a suit for the specific performance of the contract can not be maintained for the reason that the contract was not reduced to writing. But it sufficiently answers this objection to say that a check for the purchase money was given, an abstract of title was furnished and a deed executed and placed in escrow. This action took the case out of the operation of the statute of frauds. *Barr* v. *Johnson,* 102 Ark. 377; *Moore, Keppel & Co.* v. *Ward,* 76 S. E. 807, 43 L. R. A. (N. S.) 390; *Lewis* v. *Prather,* 21 S. W. 538; *Manning* v. *Foster,* 49 Wash. 541, 96 Pac. 233, 18 L. R. A. (N. S.) 337; Devlin on Deeds, vol. 1, pp. 549 to 552; Ruling Case Law, vol. 10, p. 629, § 11.

It is also insisted that the abstract of title was not delivered to the bank within the time agreed upon. But Hollabaugh and Hudspeth testified otherwise, and the court found against appellee on this point, and further found that time was not of the essence of the contract, and we think the evidence supports that finding.

The deeds which are alleged to cast a cloud upon the title are these: (1) A deed from John S. Stephenson to J. B. McCasland, dated April 3, 1903. This deed contains a recital that it "is given in lieu of a former deed from J. W. Henley and wife to John B. Stephenson, said deed having been lost or destroyed." There was a deed to this land from John S. Stephenson to N. J. McBride. (2) A deed from N. J. McBride to J. B. McCasland, dated April

11, 1903. This deed contained the recital that it "is given in lieu of a former deed given by N. J. McBride, former deed being lost or destroyed." (3) A deed from Mathew Sooter to J. B. McCasland, dated April 11, 1903. This deed recites that it "is made in lieu of a former deed made by Mathew Sooter to J. F. Hensley, since lost or destroyed."

It is insisted that these deeds are void and of no effect and did not constitute a cloud on Hollabaugh's title for the reason that they show on their face that Sooter, McBride and Stephenson had, by former deeds, conveyed away all right, title and interest in said lands and had no interest to convey to McCasland. It is not entirely clear from the abstract of the deeds just what the effect of these deeds is. One of them, for instance, recites, as stated above, that "This deed is given in lieu of a former deed given by N. J. McBride, former deed being lost or destroyed," and the examiner of the title no doubt concluded that the deed referred to as having been lost or destroyed was itself from McBride to McCasland.

(2) The title examiner required a quitclaim deed from the heirs of McCasland (it being shown that he was dead); but this deed was not furnished. Hollabaugh was entitled to a reasonable time within which to obtain this deed, but he made no attempt to obtain it. He stood upon the proposition that the deeds to McCasland did not constitute a cloud. He must, therefore, fail in his suit for specific performance, because we have here the opinion of a reputable attorney against the title, and later a finding of fact by the lower court that the deeds in question did cloud the title. In the case of *Shelton* v. *Ratterree*, 121 Ark. 487, we said:

"The effect of our decisions is that a purchaser under an executory contract of sale has the right to be assured, not only that no successful assault can be made against the title he is asked to take, but that there is no reasonable apprehension of its being assailed, and it should be a title which he can readily transfer in the market."

We can not say, upon the state of this record, that the title tendered Taylor meets the requirements of this test.

(3-4)   It is finally insisted that the court erred in refusing to allow Hollabaugh to withdraw and amend his abstract of title to show a deed from the widow of McCasland and his known heirs which had been obtained to meet the objection which the court said made the title unmerchantable.   In answer to this contention, it is said that it was not shown in the motion that the deed had been executed by *all* the heirs of McCasland.   Be that as it may, the fact appears that the cause was submitted to the court on May 27, 1917, and the opinion of the court was rendered on November 2, 1917, but the decree was not entered of record until November 19, 1917.   The motion for leave to amend the abstract recites that the "application was made before the decree was entered and at the first opportunity he had after the court held that the title was defective."   It was within the discretion of the court to refuse this application at the time it was made, as the deed from the McCasland heirs was not a part of the record upon which the case was tried.   A decree becomes effective from the day of its rendition, and not from the day of its entry of record.   *Chatfield* v. *Jarratt,* 108 Ark. 523.   Having tried the case upon the record made, and having rendered judgment thereon, it was within the discretion of the court to refuse to vacate its decree for the purpose of trying the case anew upon an amended record.   Decree affirmed.