AUSTELL *v.* UNION CENTRAL LIFE INSURANCE COMPANY.

Opinion delivered January 23, 1928.

1. EVIDENCE—JUDICIAL NOTICE.—A court will take judicial notice of a charter of a life insurance company on file in the State Department of Insurance and Revenues, where such company had become entitled to do insurance business within the State through compliance with Crawford & Moses' Dig., §§ 6059-6065 inclusive.

2. INSURANCE—AUTHORITY TO LEND MONEY.—An insurance company authorized to do a life insurance business within the State, under its charter and by-laws, authorizing an executive committee to invest funds, make loans, and do such other business as the board of directors may direct, *held* authorized to loan money and foreclose the deed of trust without qualifying under Crawford & Moses' Dig., § 1826, to do a loan business within the State.

Appeal from Cross Chancery Court; *A. L. Hutchins*, Chancellor; affirmed.

*J. C. Brookfield*, for appellant.

*Thomas E. Lines*, for appellee.

HUMPHREYS, J.    Appellee brought suit in the chancery court of Cross County against appellants to foreclose a deed of trust describing 1006 acres of land on St. Francis River, in said county, which was executed to Louis Breitling, trustee for the Union Central Life Insurance Company, one of the appellees, to secure an indebtedness of $20,000 for borrowed money, evidenced by notes dated April 3, 1922.    Appellant filed an answer

denying appellees' right to recover on the contract, because the appellee corporation had failed to file its charter, or articles of incorporation or association, in the office of the Secretary of State, as required and provided by § 1826 of Crawford & Moses' Digest, and invoking the penalty imposed by the last paragraph of § 1832 of Crawford & Moses' Digest, which is as follows:

"Any foreign corporation which shall fail or refuse to file its articles of incorporation or certificates as aforesaid cannot make any contract in this State which can be enforced by it, either in law or in equity, and the complying with the provisions of this act after the date of any such contract, or after any suit is instituted thereon, shall in no way validate such contract."

The cause was submitted to the court upon the pleadings and testimony, which resulted in a decree in favor of appellees for the amount alleged to be due, and of foreclosure of the mortgage lien, and an order of sale of the lands to satisfy same, from which is this appeal.

The only question necessary to be determined on the appeal is whether appellee corporation had a right to make the contract and enforce same in Arkansas.

Appellee corporation did not qualify under § 1826 of Crawford & Moses' Digest to do a loan business in the State before entering into the contract in question, but it had complied with the statutes of the State covering foreign life insurance companies in order to do business in the State, which requirements will be found in §§ 6059 to 6065, inclusive, of Crawford & Moses' Digest.

Appellee corporation introduced Robert Roudebush, its financial agent, who testified that it was authorized to do business in the State of Arkansas for the entire year of 1922 and at all times since. He attached the last certificate of compliance, in form and substance like the others, to his testimony as Exhibit A, which is as follows:

"State of Arkansas
Department of Insurance and Revenues
Little Rock.
Certificate of Compliance.

"I, W. E. Floyd, Commissioner of Insurance and Revenues, do hereby certify that the Union Central Life Insurance Company of Cincinnati, Ohio, is duly authorized under the laws of this State, with a paid-up capital of $2,500,000, and the records of our office show that the company was authorized to transact business in Arkansas for the year 1922,............................($............) and is authorized for the year ending March, 1927, to transact the business of life insurance, insurance as specified in its charter on file in this department, and provided for by the insurance laws.

"In testimony whereof I have hereto subscribed my name and affixed my official seal at the city of Little Rock, this 7th day of June, 1926.

"W. E. Floyd,
(Seal)       "Commissioner of Insurance and Revenue
"By Claud Duty,
"Deputy Commissioner of Insurance and Revenue."

It will be observed that this certificate authorizes appellee corporation to do life insurance business in Arkansas in accordance with the provisions of its charter on file in said department. Under the rule that courts will take judicial notice of documents of this nature, we have examined the charter and by-laws filed by appellee corporation in the Insurance Department, and we find that article 6 of its by-laws authorizes its executive committee, under the direction of its board of directors, to invest the funds of the corporation, make all loans, and do such other business as the board may direct.

The decree is therefore affirmed.

SMITH, J., concurs in judgment.