PEKIN COOPERAGE CO. v. STATE, USE PIKE COUNTY.

4-5289                                    122 S. W. 2d 468

Opinion delivered December 12, 1938.

*Jerry Witt,* for appellant.

*Byron Goodson* and *P. L. Smith,* for appellee.

SMITH, J. The prosecuting attorney of the ninth judicial circuit, of which Pike county is a part, filed an information in the Pike county circuit court, in which it was alleged that the Pekin Cooperage Company, a foreign corporation, had been doing business in Pike county

without complying with the statutes of this state authorizing foreign corporations to transact business within the state. An answer was filed denying all the material allegations of the information.

A jury was waived, and the court found that the defendant had operated a business in this state, and the sufficiency of the testimony to support that finding is conceded, but it is contended that competent and sufficient testimony was not offered that the defendant had failed to comply with the laws of this state authorizing it so to do. The correctness of this contention is the question presented by this appeal.

Upon this issue the following certificate was offered in evidence over the objection and exception of the defendant:

"Certificate
"State of Arkansas
"Department of State
"Little Rock

"C. G. Hall,
"Secretary of State.

"I, C. G. Hall, Secretary of State, of the state of Arkansas, and as such, keeper of the corporation records, do hereby certify that the records of this office show the Pekin Cooperage Company was not authorized to do business in this state during the years of 1936 and 1937. This company qualified December 28, 1898, and withdrew February 25, 1935.

"C. G. Hall,
"Secretary of State."

"Given under my hand and seal of office on this the 22nd day of March, 1938."

The contention was made at the trial below, and is renewed here, that this certificate was unauthorized by law, and was not competent and sufficient to establish the fact that defendant was not authorized to do business in this state.

To sustain the judgment of the trial court that this certificate was sufficient to support the finding that defendant had not complied with the law we are cited to § 5143, Pope's Digest, and to the case of *Austell* v. *Union*

*Central Life Ins. Co.,* 175 Ark. 1143, 2 S. W. 2d 22. Section 5143, Pope's Digest, reads as follows: "Copies of any record, book, report, paper or other document on file with, or of record in, the office of any public officer or commission of the state, or of any county officer, or any excerpts from such record, book, report, paper or other document, when duly certified by the officer or the secretary of the commission in whose custody such record, book, paper or other document is found, shall be received in evidence in any court of this state with like effect as the originals thereof."

This section of the statutes does not render the certificate copied above competent as evidence, as it does not profess to be a copy of any record, book, report, paper, or other document on file with, or of record in, the office of the Secretary of State. On the contrary, it recites a negative fact, as to the truth and accuracy of which the defendant was afforded no opportunity to examine or cross-examine the person making the certificate.

Nor, in our opinion, does the Austell case, *supra,* support the ruling of the trial court. In that case the Union Central Life Insurance Company had brought suit to foreclose a deed of trust executed in its favor. The right of the insurance company to prosecute the suit was challenged upon the ground that it had not qualified under the provisions of § 1826, C. & M. Digest (§ 2247, Pope's Digest), to do a loan business in this state before entering into the contract in question. But the insurance company did offer in evidence a "Certificate of Compliance," executed pursuant to the provisions of §§ 6059 to 6065, inclusive, C. & M. Digest, (§§ 7779 *et seq.,* Pope's Digest), authorizing it to do business in this state as an insurance company, which sections required, among other things, that a copy of the charter and by-laws of the foreign insurance company be filed in the Insurance Department, and an inspection thereof disclosed that the corporation was authorized, "under the direction of its board of directors to invest the funds of the corporation, make all loans, and do such other business as the Board may direct." The very purpose of the certificate of compliance, there offered in evidence, was to show that the

insurance company had complied with the laws of this state authorizing it to do business within the state. It was issued to evidence that fact.

It is argued that we should take judicial notice of the fact that the defendant did not comply with the law authorizing it to do business in this state. We are cited to no case, nor to any statute, imposing this duty or conferring that authority. In the case cited and in other cases this court has taken judicial notice of certain public records which were in existence, but we must decline to enlarge our judicial knowledge to the point of knowing whether there are records in a public office. The theory upon which judicial notice or knowledge dispenses with proof of particular facts is based upon the maxim, ''What is known need not be proved,'' but finite man cannot be expected to know what foreign corporations have not complied with the laws of this state authorizing them to do business within the state.

Whether defendant had complied with the law authorizing it to do business in this state was a question of fact, which might have been shown by the testimony of the Secretary of State, or a deputy having custody of his records. He might have been called as a witness or his deposition could have been taken, but he had no authority to make a mere certificate of a negative fact, the same not being a certified copy of any record in his office.

At § 980, chapter Evidence, 22 C. J., p. 838, it is said: ''To prove a fact of record without the production of the record itself, a duly authenticated copy of the record or so much thereof as relates to the fact in question is required. A certificate by a public officer having the lawful custody of public records as to any fact appearing on the records of his office or as to any conclusion he may draw from an inspection of the records is not competent evidence, unless made so by statute. *A fortiori* the authority to make certified copies will not authorize a certification as to facts not appearing of record, or improperly inserted therein, or as to the purport of papers that are missing from the record. So, in the absence of a statute, a negative certificate by an officer will not be evidence

of the non-appearance of a fact on the records or of the absence of any entry, paper, or document from the records of his office, it being said that such negative proof requires oral testimony under oath of a search made and of its results.''

In the case of *Driver* v. *Evans,* 47 Ark. 297, 1 S. W. 518, the question arose whether a tract of land there in controversy had been selected by the state of Arkansas as swamp land and conveyed by the state as such. In holding that the certificate of the State Land Commissioner stating this to be a fact was incompetent and insufficient proof that it was, the court held, to quote a headnote in that case, that ''The purchase of swamp land from the state can be proved only by the certificate or deed of purchase, or, in their absence, by certified transcript of the records and official documents of the proper land office. The certificate of the State Land Commissioner of what the records in his office show is not admissible.''

The case of *Thomas* v. *Spires,* 180 Ark. 671, 22 S. W. 2d 553, involved the validity of a tax sale dependent upon the question whether the school tax had been voted and certified. The opinion points out how a negative fact may be proved, and it was done in that case by the deputy of the custodian of the records in question, who testified that he had made a thorough examination of the records in his office, and that the result of his search disclosed that there had been no certificate showing that the school tax had been voted in the school district in which the land was situated. This testimony could, of course, have been taken by deposition, and it was held sufficient, but that officer could not have issued a mere certificate to that effect, as no statute or rule of evidence permitted him to do so.

It was held in the case of *Railway Co.* v. *Fire Ass'n,* 55 Ark. 163, 18 S. W. 43, that until the contrary appears the law will presume that a foreign corporation doing business in the state has complied with the law authorizing it to do so, and as the contrary has not been made to appear in the instant case by any competent evidence

the judgment must be reversed, and the cause remanded. It is so ordered.