FAITH v. EPPERSON.

4-8625                                    214 S. W. 2d 223

Opinion delivered October 25, 1948.

*Elbert W. Price,* for appellant.

*Yingling & Yingling,* for appellee.

ROBINS, J. The lower court, on demurrer by appellee, held appellants' complaint for specific performance insufficient and entered decree dismissing same. Appellants prosecute appeal from that decree.

The allegations of appellants' complaint were, in substance, that appellants, being the owners of a certain lot in Searcy, Arkansas, agreed to sell same to appellee for $2,000, and were paid thereon $30, for which they gave written receipt to appellee; that in conformity with the agreement appellants executed a deed and had prepared an abstract, which they left with a third party for delivery to appellee; but that appellee had failed and refused to accept the deed and abstract, which were tendered into court.

The prayer of the complaint was that appellee be required to pay into the registry of the court the balance of $1,970 due on the purchase money.

For reversal of the lower court's decree appellants cite cases holding that delivery of possession of real estate under a verbal contract will take such a contract out of the statute of frauds and that delivery of a deed to a third party as agent for the grantee effects a transfer of the title.

But in those cases the question to be determined was whether such delivery of the possession of the land, or delivery of the deed to the escrow agent, was binding on the vendor.

In the complaint in this case it was not alleged that there was any writing signed by the vendee, as required by § 6059, Pope's Digest, or that the vendee had taken possession of the land. We have held that the rule that delivery of a deed in escrow takes the contract out of the statute of frauds applies only in favor of the vendee. *Barr* v. *Johnson,* 102 Ark. 377, 144 S. W. 527; 19 Am. Jur.

1004

428. The complaint of appellants therefore failed to allege a contract binding on appellee.

The decree of the lower court was correct and it is affirmed.