PATE *v.* GRIFFIN.

855                                    287 S. W. 2d 453

Opinion delivered February 27, 1956.

*Gene P. Houston,* for appellant.

*Neill Reed,* for appellee.

ED. F. MCFADDIN, Associate Justice. This litigation results because the mortgagee in a chattel mortgage failed to have the mortgage recorded and also failed to observe the Statute and endorse the mortgage before filing it (§ 16-201, Ark. Stats.). Appellants, O. M. Pate and wife,[1] filed this suit in the Chancery Court against Troy Raney and wife, (a) to obtain judgment for $4,500.00 and interest on a series of notes, (b) to foreclose a vendor.'s lien on certain lands, and (c) to foreclose a chattel mortgage on certain described cattle. The Chancery Court awarded judgment in favor of the Pates for the money claim and also decreed a foreclosure of the vendor's lien

---

[1] While Mrs. Pate is a party, all matters herein were handled by Mr. Pate.

on the lands; so those issues pass out of this case entirely. Here, we are only concerned with the various issues arising in connection with the chattel mortgage.

The chattel mortgage from Raney to Pate was dated October 5, 1953, and was filed, but not recorded, in the office of the Circuit Clerk on October 7, 1953. It subsequently developed that the chattel mortgage had not been endorsed, as required by § 16-201, Ark. Stats.; and, as aforesaid, that omission caused this litigation. The Pate complaint, duly verified, was filed December 13, 1954, and alleged: that Troy Raney had left the State; that the cattle would be lost unless impounded; and that an immediate order should be made for the care and possession of the cattle. There was a *lis pendens* filed on the land, but not on the personal property. On December 21, 1954, the Court appointed the plaintiff, O. M. Pate, as receiver, under a bond of $750.00, to take charge of and care for the cattle and make report thereof. Pate made bond and took the oath as receiver. Report of the receiver was filed January 18, 1955, stating certain cattle to be in his possession.

On February 14, 1955, W. R. Griffin intervened in the foreclosure case of Pate v. Raney, alleging: that Griffin obtained judgment against Troy Raney and wife in the Cleburne Chancery Court in the case of Griffin v. Raney; that the judgment was unsatisfied in the amount of $2,269.17; that execution had been issued thereon on December 28, 1954; and that Griffin's execution lien was superior to Pate's chattel mortgage.[2] In answer to Griffin's intervention, Pate alleged that he took possession of the personal property on October 10, 1954, as mortgagee, and that his rights were superior to the lien of Griffin's execution.

With issues joined as to the superiority of the execution lien and of the chattel mortgage, the cause was tried on April 19, 1955; and resulted in a decree giving Pate and wife judgment for debt with the same as a lien

---

[2] Evidently this was on the theory that (1) Pate's mortgage was not endorsed; and (2) Pate had never taken actual possession of the cattle at any time, either as mortgagee or receiver.

on the lands;[3] but holding that Pate had no lien on the cattle since the mortgage was not endorsed and there had been no possession taken by Pate. The decree further found that Griffin's intervention should be dismissed for want of equity. Thus, as regards the cattle, neither Pate nor Griffin was allowed any lien by the decree of April 19, 1955, and both have duly appealed—Pate by direct appeal and Griffin by cross-appeal.

But further issues arose in the same case. Immediately after the said decree of April 19th, Griffin had an execution issued against Raney and wife for $2,269.87 and had the execution served on the cattle described in Pate's chattel mortgage. Pate then remembered that on April 2, 1955, he had gone to the Clerk's office and finally endorsed his chattel mortgage, as required by law, although the fact of such endorsement was never developed in the trial of April 19th. Based on these matters, Pate filed (1) a motion to quash Griffin's execution of April 19th and (2) a motion to modify the said decree of April 19th. There was a trial on these two motions on May 6, 1955, at the same term of the Court as the April 19th decree; and resulted in (1) a quashing of Griffin's execution and (2) a refusal to modify the decree of April 19th or to allow Pate to make proof of his actions of April 2nd in endorsing the chattel mortgage. From this trial of May 6, 1955, as also from the said decree of April 19th, both parties have duly and seasonably appealed—Pate by direct appeal and Griffin by cross-appeal. Pate lists five assignments on the direct appeal, and Griffin lists four assignments on the cross-appeal. We will consolidate the assignments under suitable topic headings.

I. *The Refusal of the Court on May 6th to Modify the Decree as Requested by Pate.* The purpose of Pate's efforts to modify the April 19th decree was to show that on April 2nd Pate had endorsed his chattel mortgage, as required by Statute. In refusing to allow the case to be reopened, the Chancellor said that all the information was available to Pate on April 19th at the trial, and that Pate

---

[3] As previously recited, the foreclosure of the lien on the lands is not questioned in this case.

was not entitled to have two trials in the case. We cannot say that the Chancellor abused his discretion in refusing to reopen the case. *Fromholz* v. *McGahey,* 120 Ark. 216, 179 S. W. 360; *Halk* v. *Soncini,* 208 Ark. 736, 187 S. W. 2d 960; *Troxler* v. *Spencer,* 223 Ark. 919, 270 S. W. 2d 936.

II.   *The Action of the Court in Holding That Griffin Had No Lien on His Execution of December 28, 1954.* At the trial on April 19th Griffin introduced his execution which had issued in the case of Griffin v. Raney on December 28, 1954. It was shown that his execution had not been served and had been returned by the Sheriff. The Court held this execution was no lien on the cattle involved in this litigation; and the Court was correct. An execution must be returned within sixty days (§ 30-431, Ark. Stats.). This one was returned earlier; and when the Sheriff returned the execution unserved—whether for lack of indemnity bond or other good reason—then the execution became *"functus officio"*; that is, its power had been exhausted.

III.   *The Action of the Court on May 6th in Quashing Griffin's Second Execution.* As previously recited, after the trial on April 19th (in which the Court held that neither side had a lien on the cattle), Griffin went immediately to the Clerk's office and had a second execution issued against Raney. In the trial on May 6th, the Court quashed this second execution because it recited that it was issued in the case of Pate v. Raney instead of the case of Griffin v. Raney. We need not consider the correctness of that reason, because in Topic IV *infra* we are holding that Pate should have been awarded a lien, in the decree of April 19th, on the cattle described in his mortgage. With that lien declared, naturally Griffin's second execution was inferior to such lien, and such holding disposes of the respective claims made.

IV.   *The Refusal of the Court in the Decree of April 19th to Award Pate a Lien on the Cattle Described in His Chattel Mortgage.* In the decree of April 19th, the Court refused Pate a lien on the cattle described in his mort-

gage; and in this ruling the Court was in error. When it was shown that Griffin's execution of December 28th was not a lien on the cattle, then there was no adverse claimant to Pate's mortgage, and the issue was whether the mortgage was a lien as between Pate and Raney, even though the mortgage had never been properly endorsed. An unfiled, unendorsed chattel mortgage is good between the parties: the purpose of endorsing and filing is to make the mortgage valid as against third persons. *Ringo* v. *Wing,* 49 Ark. 457, 5 S. W. 787; *Thornton* v. *Findley,* 97 Ark. 432, 134 S. W. 627; *Ebbing* v. *Hassler,* 188 Ark. 766, 68 S. W. 2d 96. When Griffin's first execution failed, then there was no third person claiming a valid lien, and Pate's mortgage was good as against Raney. The Court should have so decreed.

V. *The Cattle Described in the Chattel Mortgage.* The chattel mortgage from Raney to Pate described the following property:

"1 Red Cow about 6 years old, with White Face Heifer Calf; 1 Brown Jersey about 5 years old, with two calves, 1 Bull and 1 Heifer; 1 Brown Jersey Cow about 8 years old, with White Face Heifer Calf; 1 White Face Heifer about two years old, no calf; 1 White Face Heifer about 18 months old; 1 Red Heifer about 16 months old." There is no language in the mortgage to cover any increase; and our Statute allows the increase of cows to be included only when the mortgage so states (§ 51-1003, Ark. Stats.). Therefore, all that Pate was entitled to was a lien on the specific animals described in his mortgage. So, as to these, the decree is reversed and the cause is remanded, with directions to award Pate a lien on the specific animals. In all other respects the decrees are affirmed.

VI. *Other Assignments.* Pate claims that the Court committed error in refusing to allow him his expenses as receiver; but the Court evidently found that he had never

actually taken possession of the property; so we leave that part of the decree undisturbed.

The costs of this appeal are to be paid equally by Pate and Griffin.