SPEARMAN *v.* TEXARKANA.

Opinion delivered January 13, 1894.

*Public policy—Contract of board of health with member.*

Where a physician who constitutes a member of the board of health of a city is employed by the board, without agreement as to compensation, to render necessary professional services on behalf of the city, outside of his duties as a member of the board, the city will be liable for the value of such services on a *quantum meruit.*

Appeal from Miller Circuit Court.

RUFUS D. HEARN, Judge.

*Scott & Jones* for appellant.

Appellant was not an *officer* of the city. He was a physician selected by the board of health to perform certain services, and was entitled to recover for his services. 26 Pac. Rep. (Kas.) 674 ; 45 Ill. 397 ; 32 Wis. 124 ; 2 Brock. 103 ; 29 Oh. St. 349. See also 50 Ark. 81 ; 30 Vt. 285 ; 1 Dill. Mun. Corp. (4th ed.) sec. 230, note 3.

*W. H. Arnold* and *John N. Cook* for appellee.

1. No fee was provided by law, and none can be recovered. 25 Ark. 235 ; 32 *id.* 45.

2. Being a member of the board of health, it was against public policy for appellant to make a contract with the board. 25 Wis. 551 ; 1 Dill. Mun. Corp, sec. 444, 458 ; Greenhood on Public Policy, 297, 305 ; 11 Mich. 222 ; 60 Ga. 221 ; 72 Ind. 42 ; 79 *id.* 42 ; 75 *id.* 156 ; 22 N. Y. 332 ; 37 *id.* 317 ; 10 Am. Rep. 5.

3. The law expressly provides that the board shall receive no pay. Mansf. Dig. sec. 486.

MANSFIELD, J. By an ordinance duly passed, the city of Texarkana established a board of health, to be composed of the mayor, the city attorney, three aldermen and one physician of the city. The board was invested with all the usual and necessary powers to effect the purpose of its organization, which was declared to be the protection of the city against " contagious, malignant and infectious diseases ;" and the ordinance provides that all expenses incurred by the board shall be certified to the city council by the president and secretary for allowance and payment, as other claims against the city.

The appellant, a practicing physician of the city, and not one of its officers, was elected as the medical

member of the board, and, while serving as such, was directed by the board to make personal examination of a case of diphtheria said to exist in the city, and the alleged existence of which had caused the closing of the public schools. He examined the case in person, and made a report upon it to the board. There was no express agreement for this service, and before rendering it the appellant did not inform the board that he would expect a compensation. Several months after the service was rendered, he brought this action in a justice's court to recover for it the sum of fifty dollars. The case was taken by appeal to the circuit court, where a trial by jury resulted in a judgment for the city.

The only ground on which a recovery by the plaintiff was resisted is indicated by an instruction given to the jury at the defendant's request, and which was that if they found "that the plaintiff was a member of the board of health * * * when he was requested by said board to perform the services charged in the account sued on, and that he was a member of said board when he performed said services," their finding should be aganst him. This instruction was objected to by the plaintiff, who requested the court to charge that the verdict should be for the plaintiff if the jury found that the board had authority to employ a physician to render for the city a service similar to that charged for, and that the plaintiff performed the services sued for, under the board's employment and by its direction. The latter request was refused; and these rulings of the court upon the two instructions mentioned are the grounds relied upon to reverse the judgment.

It is of no importance to decide whether the membership of the plaintiff on the board of health made him an officer of the city, or whether he is precluded from recovering for his services on the board by the fact that the ordinance establishing it makes no provision for com-

pensating its members. The service on which his claim
is based was not performed as a member of the board,
and was not a duty incumbent upon the board, or either
of its members. It was independent of, and not inci-
dental to, any such duty, and if the city council itself
had employed him to perform the service, the city would
clearly have been liable on the contract. Mechem's
Public Officers, sec. 863 ; *Evans* v. *Trenton*, 24 N. J. L.
764 ; *McBride* v. *Grand Rapids*, 7 Mich. 236 ; S. C. 49
*id*. 239. But, as a member of the board, he was the
agent of the city to act for it, in conjunction with the
other members, in taking such measures, by contract or
otherwise, as it was competent and necessary to adopt
in accomplishing the objects of the board ; and while he
stood in that relation to the city, the law, as a means of
securing fidelity to his trust, and to guard against any
temptation to serve his own interest to the prejudice of
his principal's, disabled him from making any binding
contract with the board. Mechem's Agency, secs. 713,
455, n. 3. Such a contract by an agent in his own be-
half, with reference to the subject-matter of the agency,
is not, however, absolutely void, but only voidable.
Story, Agency, sec. 211, note 1. As stated by the Su-
preme Court of Wisconsin, there is " a distinction between
contracts which are held to be against public policy,
merely on account of the personal relations of the con-
tractor to the other parties in interest, and those which
are void because the thing contracted for is itself
against public policy. In the latter class the parties
acquire no rights which can be enforced either in the
courts of law or equity. But in the former, the thing
contracted for being in itself lawful and beneficial, it
would seem unjust to allow the party who may be en-
titled to avoid it to accept and retain the benefit with-
out any compensation at all." *Pickett* v. *School District*,
25 Wis. 558. A similar view is expressed in *Gardner* v.

*Butler*, 30 N. J. Eq. Rep. 702, where it was held that while the directors of a corporation could not make an agreement, enforceable against the company, to pay themselves a stipulated sum for their services, they could recover on the *quantum meruit* for such services as they had rendered, and the benefit of which the company had received. The court said that, although the agreement was "of no binding force as a contract," the directors had "a right to serve the company in the capacity of officers, agents or employees, and for such services the law will enable them to recover a just and reasonable compensation." To deny them this, it was said, would be "manifestly inequitable," and "would pervert a rule of law which is intended to guard against fraud and injustice." But their claim was not allowed to have any basis upon the contract they had undertaken to make with themselves, and the court declared that "it must rest exclusively upon its fairness and justice." The doctrine of these cases appears to be that, the contract of the agent being, as the Wisconsin court said, "rather voidable in equity than absolutely void at law," the principal, in avoiding it, must himself do what equity requires. *Pickett* v. *School District*, 25 Wis. 558. And it was probably on the same ground that the Supreme Court of Michigan affirmed a judgment for the actual value of professional services rendered by a lawyer to a city of which he was mayor, and under an employment by the common council of which he was a member. *Mayor of Niles* v. *Muzzy*, 33 Mich. 61 ; see also *Mayor of Macon* v. *Huff*, 60 Ga. 221.

The principle enforced by the authorities cited applies, we think, to the case which the testimony of the appellant here tends to make. He testified that the service charged for was strictly professional ; and, if it was so, and was necessary, then, as it was one the board had authority to employ any other physician to perform, the

plaintiff is entitled to recover for it what he reasonably deserves to have. But the right to such recovery cannot result from any contract to be implied from the request or direction of the board to render the service; for, as the plaintiff could have made no express agreement with the board that would have been binding on the city, no binding agreement can arise by implication from anything that passed between him and the other members. His claim must be grounded solely on a contract created by the law in consideration of services shown to have benefited the city, and for which it ought, therefore, in justice, to pay. Bishop, Cont. sec. 188.

While it cannot be said, on the views indicated, that the instruction refused was a full and accurate statement of the law, there was positive error in giving the instruction requested by the defendant; and for that error the judgment will be reversed, and the cause remanded for a new trial.