ROBERTS v. STREET IMPROVEMENT DISTRICT No. 2 OF
MORRILTON.

Opinion delivered December 11, 1922.

1. MUNICIPAL CORPORATIONS—INCLUSION OF LAND IN SEVERAL IM-
PROVEMENT DISTRICTS.—Real estate may be included in more than
one improvement district if it receives benefits from improve-
ments being constructed in each district in which it is embraced.

2. EVIDENCE—PAROL EVIDENCE TO CONTRADICT MUNICIPAL RECORDS.—
Under Crawford & Moses' Dig., § 7694, requiring the city clerk
to "keep a regular and correct journal of the proceedings of the
council," the record of the passage of an ordinance, duly
proved, cannot be contradicted by parol evidence.

3. MUNICIPAL CORPORATIONS—GENERAL AND SPECIAL ACTS.—Gen.
Acts 1921, No. 395, amending Crawford & Moses' Dig., § 5666,
providing that a petition for a local improvement shall state
what percentage of the value of the real property in the dis-
trict the improvement shall not exceed in cost did not repeal
Sp. Act No. 39 of 1920, applying to the city of Morrilton, and
providing that the commissioners of improvement districts there-
in might spend any amount necessary to complete the improve-
ment, subject only to constitutional limitations.

Appeal from Conway Chancery Court; *W. E. At-
kinson,* Chancellor; affirmed.

*M. H. Dean,* for appellant.

The demurrer should have been overruled because
(1) the districts lapped; (2) proof as to the invalidity
of the ordinance should have been heard, and (3) gener-
al act No. 395 repealed special act No. 39 approved Feb.
4, 1920.  102 Ark. 401; 102 Ark. 411; 103 Ark. 298; 75
N. E. 52; 82 Ark. 302; 88 Ark. 324.

*Gordon & Combs,* for appellee.

The demurrer was properly sustained.  140 Ark.
122; 141 Ark. 140; 94 Ark. 501, 502.  Evidence is not
admissible to contradict minutes of the city council.
201 Fed. 784; 89 S. E. 210; 190 N. E. 24; 138 N. W. 853;
189 S. W. 1117; 58 Atl. 900; 13 Allen 129; 26 Mich. 44;
182 S. W. 767; 66 Atl. 609; 36 N. Y. S. 767; 355 W. 694;
14 S. E. 843; 144 N. W. 1097; 45 S. W. 626.  The special

act was not repealed. 144 Ark. 39; 4 Ark. 410; 150 Ark. 132; 72 Ark. 119; 125 Ark. 422; 142 Ark. 412.

HUMPHREYS, J. This is an appeal from a decree of the chancery court of Conway County, dismissing appellant's appeal attacking the validity of Street Improvement District No. 2 of the city of Morrilton, which was created by an ordinance passed after the enactment of special act 39 of the 1920 General Assembly and the passage of general act 395 of the 1921 General Assembly. The special act referred to authorized a greater cost for an improvement in the city of Morrilton, in improvement districts thereafter created, than twenty per cent. of the value of the real property in the district, as shown by the last county assessment. The general act referred to amended § 5666 of Crawford & Moses' Digest so as to require the majority petition for the district to state the per cent. of the assessed valuation of the property in the district the commissioners may expend for the improvement. District No. 2, aforesaid, included a part of the territory embraced in Improvement District No. 1, theretofore organized in said city. The records of the city council show that, in the passage of the ordinance creating said District No. 2, two-thirds of the number composing the council dispensed with the rule requiring the ordinance to be fully and distinctly read on three different days, and, under a suspension of the rule, passed the ordinance to a second and third reading.

The bill attacked the validity of the district upon the following grounds:

First, because the two districts lapped.

Second, because appellant was not permitted to show by parol proof that the ordinance was passed without being read on three different days and without a suspension of the rule.

Third, because general act No. 395 repealed special act No. 39.

(1) This court has often ruled that real estate may be included in more than one improvement district if it receives benefits from improvements being constructed in

each district in which embraced. *Harrison* v. *Abington,* 140 Ark. 115, and cases therein cited to this point.

(2)   Section 7502 of Crawford & Moses' Digest provides in part as follows: "All by-laws and ordinances of a general or permanent nature shall be fully and distinctly read on three different days, unless two-thirds of the members composing the council shall dispense with the rule." Without deciding whether the ordinance creating said district is general or permanent in nature, we proceed to a determination of whether parol evidence is admissible to contradict the minutes of the council, which reflect that the ordinance was regularly passed under a suspension of the rule. When the records are conceded or proved, showing the passage of an ordinance in accordance with law, we see no reason why the same credit should not be given them as is given to the record of legislative proceedings in the passage of statutes. Absolute credence is given to the record of legislative proceedings in the enactment of laws so as to give stability to government. To permit a contradiction of the records by parol evidence would bring about confusion and endless litigation, and destroy confidence in legislative acts. *Butler* v. *Kavanaugh,* 103 Ark. 109; *Mechanics' Building & Loan Association* v. *Coffman,* 110 Ark. 269. Ordinances are passed under delegated legislative authority, and minutes or records of the proceedings are preserved. While courts do not judicially notice minutes of a city council, when proved, verity should be accorded them, else the ordinances passed by the council would not receive the confidence and sanction of the community. The regularity of the passage of an ordinance must be governed by the record of the proceedings, and not by parol proof of the facts which took place on its passage. By statute it is made the duty of the city clerk of each city in this State "to keep a regular and correct journal of the proceedings of the council." Crawford & Moses' Digest, § 7694. The general rule seems to be that where such a record is required to be kept it cannot be contradicted by parol evidence. The following are a small number of

the many cases so holding: *Dallas* v. *Beeman,* 45 S. W. 626; *Mayhew* v. *Gay Head District,* 95 Mass. 129; *Stevenson* v. *Bay City,* 26 Mich. 44; *Chippewa Bridge Company* v. *Durant,* 122 Wis. 85; *Belleville* v. *Miller,* 257 Ill. 244; *Dunn* v. *Cadiz,* 140 Ky. 271.

(3)  Special act No. 39 was in force and effect at the time general act 395, aforesaid, was passed. The special act applied to the city of Morrilton, and provides that in improvement districts organized therein the commissioners may expend any amount necessary to complete the improvement, subject, of course, to the constitutional limitation that the cost of the improvement cannot exceed the benefits to the property. The general act did not refer specifically to the special act, and amended § 5666 of Crawford & Moses' Digest, which did not apply to or include the city of Morrilton. The city of Morrilton had been exempted from the section of the statute amended. The purpose of the general act was to amend a section of Crawford & Moses' Digest so as to provide that the majority petition should state the per cent. of the assessed valuation of the property in the district the commissioners might expend to complete the improvement. It is true, the purpose of both acts was to enlarge the cost of respective improvements, one to a greater extent than the other, but the acts related to different territory, and hence were not repugnant to or inconsistent with each other. It was said in the cases of *Jones* v. *Oldham,* 109 Ark. 24, and *State* v. *Adams,* 142 Ark. 411, quoting from the syllabus, that ''a general act does not repeal by implication a prior special act on the same subject when the acts are not repugnant nor inconsistent.'' There is no reason why both acts cannot stand together, and there is nothing in the general act indicating that it was intended as a substitute for the special act, so the instant case is not ruled, as contended by appellant, by the cases of *Western Union Telegraph Company* v. *State,* 82 Ark. 302, and *Hampton* v. *Hickey,* 88 Ark. 324.

No error appearing, the decree is affirmed.