DAVIDSON v. SEWER IMPROVEMENT DISTRICT.

Opinion delivered November 24, 1930.

*B. R. Davidson* and *V. J. Ptak,* for appellant.

*Pearson & Pearson,* for appellee.

SMITH, J.   A sewer improvement district, designated as No. 1, was organized in the city of Fayetteville in 1907, and plaintiff has since continuously paid the annual assessment of benefits levied against his property lying therein.   On January 5, 1925, another sewer improvement district was organized, which was designated as Annex No. 1 to Sewer Improvement District No. 1.   This last district was adjacent to the first, and certain lots, including those of plaintiff, were in both districts.

Betterments were assessed in the annex, and bonds were issued and sold to the McIlroy Bank & Trust Company, of which institution J. H. McIlroy, one of the commissioners, was president.   The record discloses no objection or protest from any property owner to these proceedings.   With the proceeds of the bonds so sold the improvement was constructed.

These bonds were sold to mature in ten years, but in October, 1928, proceedings were had, under the authority of act 126 of the Acts of 1927 (Acts of 1927, page 388), to refund them upon the basis of twenty years for final maturity. The district had then been in existence for three years, and plaintiff and other property owners had paid certain installments of the assessed benefits. Section 5 of the act of 1927, *supra*, provides that any property owner may appeal from the refunding order, but that such appeal must be prosecuted within thirty days. No appeal was prosecuted from that order within that time at all. The refunding bonds were sold to the McIlroy Bank & Trust Company. The resale being merely an exchange of the old bonds for the new ones, with certain adjustments of the difference according to payments already made.

A reassessment of benefits was ordered and was made. Plaintiff and certain other property owners appealed to the city council from this reassessment, and the hearing thereof was set for January 7, 1929. On account of illness in his family, plaintiff was unable to attend the hearing and sent word to the city council asking a postponement in order that he might be heard, but the council refused to postpone the hearing and heard the protests in plaintiff's absence and denied him any relief. No showing was made that the notice of this action required by § 5668, C. & M. Digest, was not given. No action was taken by plaintiff until May 3, 1929, when he filed a complaint in which he attacked the assessments on numerous grounds and prayed that their further collection be enjoined. There was a general finding against plaintiff, and his complaint was dismissed as being without equity, and he has appealed.

The validity of the thirty days' limitation on the right to attack betterment assessments provided for in § 5668, C. & M. Digest, has been frequently upheld. In the late case of *Carney* v. *Walbe,* 175 Ark. 746, 300 S. W. 413, it was said: "Where the property owner delays until after the period of time prescribed by statute for a

direct attack on the action of the council establishing the district and the assessment of benefits to the real property situated therein, a suit by the property owner to review the proceedings of the common council establishing the district or the board of assessors in assessing the benefits to the real property within the district is a collateral attack, and such proceedings can only be set aside when they appear on their face to be demonstrably erroneous.'' See also *Portis* v. *Ballard,* 175 Ark. 834, 1 S. W. (2d) 1; *Carnahan* v. *Fayetteville,* 175 Ark. 405, 1 S. W. (2d) 10; *Paving Dists. Nos. 2 and 3 of Blytheville* v. *Baker,* 171 Ark. 692, 286 S. W. 945.

Certainly the action of the council, in refusing the postponement requested by plaintiff of the hearing of his protest against the assessment of his lots, does not make the assessment demonstrably erroneous. Conceding that the council abused its discretion in this respect, its jurisdiction was unaffected by that action. Plaintiff's right of appeal remained, and his duty to prosecute that remedy was unaffected by the council's action, even though the showing for a postponement was so strong that the refusal to grant it appears to us to have been arbitrary. It may be said, in this connection, that the statute provides that the appeal from the action of the board of assessors ''shall be heard and disposed of at the next regular meeting of the city council.'' Section 5661, C. & M. Digest.

We are not prepared to hold that the sale of the refunding bonds to the McIlroy Bank & Trust Company was in violation of § 5711, C. & M. Digest, which prohibits any member of a board of improvement from being interested, either directly or indirectly, in any contract made by the board for or on behalf of the improvement district. There was no allegation of fraud, or that the district had not been fairly dealt with. The sale of the bonds was not made to McIlroy, but to a corporation of which he was an officer. But, if it were held that the transaction was of questionable propriety, or even in

violation of law, the validity of the assessment of benefits would not thereby be affected.

It appears that plaintiff owns lots which are assessed in both districts, but this fact alone would not render either assessment demonstrably erroneous. We have held that assessments of benefits may be enforced on the same property by more than one district provided the property receives benefits from each district. *Roberts v. Street Imp. Dist.,* 156 Ark. 248, 245 S. W. 489; *Harrison v. Abington,* 140 Ark. 115, 215 S. W. 255.

In the case of *Miller v. Seymour,* 156 Ark. 273, 245 S. W. 811, it was held that property included in the original district may also be assessed in an annex to such original district if it receives benefits in both the original district and the annex.

There was no showing that the finding of the board of assessors that plaintiff's property would receive benefits from the new as well as the old district was demonstrably erroneous.

It was shown that a considerable part of the revenues of the annex was expended in the construction of a sewer main in the old district; this was done to connect with the main of that district and an outlet was thereby furnished, otherwise the annex district would have had to furnish its own disposal facilities. This action was authorized by the statute. Section 5735, C. & M. Digest. See *Jones v. Sewer Imp. Dist. No. 3 of Rogers,* 119 Ark. 166, 177 S. W. 888; *Kraft v. Smothers,* 103 Ark. 269, 146 S. W. 505.

It was shown that in the assessment of benefits against plaintiff's property a portion only of certain of his lots were assessed, and it is insisted that no authority exists for the assessment of any portion of a lot less than the whole. We have held otherwise. In the case of *Holt v. Ring,* 177 Ark. 762, 9 S. W. (2d) 43, it was held: "It is next contended by appellant that the district is void because it divides lots. Certainly, in the formation of an improvement district, the property owners forming the district can fix the boundaries, and it has been decided

by this court that the boundary line may divide lots. If a lot is divided, a portion of it being within the district and another portion without, this does not invalidate the district. But, in determining whether the petitioners have a majority in value, the value of a lot so divided cannot be considered. * * *,"

It was not shown that the council considered the value of these lots in determining whether a majority in value of the property owners had petitioned for the improvement, but it is permissible to consider the betterments against these parts of lots to determine whether the cost of the improvement would exceed the limitation fixed by law and specified in the petition of the property owners for the construction of the improvement, and there was no showing that the cost of the improvement exceeded the betterments or that the law had been violated in this respect.

Certain other questions are argued, which, like those discussed, have been settled by numerous decisions adversely to plaintiff's contention, and as the assessments do not appear, from the face of the record, to be demonstrably erroneous, and as the appeal has not been prosecuted within thirty days as provided by law, the decree of the court below must be affirmed, and it is so ordered.