GANTT v. ARKANSAS POWER & LIGHT COMPANY.

4-3502

Opinion delivered June 25, 1934.

450

*Marsh & Marsh,* for appellants.

*C. W. McKay, W. H. Kitchens* and *House, Moses & Holmes,* for appellees.

JOHNSON, C. J. Bringing into question the correctness of the Columbia County Chancery Court's findings and decree sustaining a demurrer interposed by appellees to appellants' complaint, this appeal is prosecuted. In effect, the complaint alleged: That appellants are citizens, taxpayers and property owners within the boundaries of Waterworks Improvement District 1, situated within the corporate limits of Magnolia, Arkansas; that in the year 1923 appellee Waterworks Improvement Dist. 1 of Magnolia was duly organized and established, and that J. O. Hutchinson, H. P. Carrington and D. D. Good are now and have ever been since the organization of said district the duly constituted board of commissioners thereof; that on May 12, 1924, the board of commissioners of said Waterworks District 1 of Magnolia made and entered into an invalid contract with the Consumers' Ice & Light Company, a domestic corporation, by the terms of which contract the Waterworks Improvement District 1 of Magnolia surrendered to the Consumers' Ice & Light Company the right and privilege to furnish consumers located in said district water and make and collect charges therefor, and in consideration of

which the Consumers' Ice & Light Company agreed to pay 10 per cent. of its earnings therefrom, upon certain conditions and contingencies then and there agreed upon; that the contract between the Waterworks Improvement District 1 and the Consumers' Ice & Light Company was invalid and void because all members of the board of commissioners of said Waterworks District 1 were at the time of the execution of said contract, and are now, stockholders in the Consumers' Ice & Light Company; that said board of commissioners and each member thereof was therefore directly and indirectly interested in said contract. Appellants further alleged that in 1925 the city council of Magnolia was composed of J. W. Colquitt, H. B. Couch, T. P. Lewis, C. J. Gantt, J. B. Lee, E. C. Lyle and T. H. Westbrook, mayor; that on the 20th day of July, 1925, said city council, composed of the members aforesaid, by ordinance, approved and ratified the contract theretofore executed between the board of commissioners of Waterworks Improvement District 1 of Magnolia and the Consumers' Ice & Light Company, but that said ratification and approval was invalid and void because at the time of the passage of said ordinance ratifying and approving said contract all members of said city council of Magnolia, save one member, were stockholders in the Consumers' Ice & Light Company, and were therefore directly and indirectly interested in said contract; that, after the ratification of said invalid and void contract by said city council of Magnolia, the Consumers' Ice & Light Company transferred and assigned to appellee, Arkansas Power & Light Company, all its interest therein, and since said date the Arkansas Power & Light Company has unlawfully charged and collected rentals and charges against the consumers in said Waterworks Improvement District 1 of Magnolia, and converted same to its own use and benefit; that the rentals made and charged by the Arkansas Power & Light Company and the Consumers' Ice & Light Company during the periods of their respective operations were exorbitant, unreasonable, unlawful and without right or authority; that the board of commissioners of Waterworks Improvement District 1 of Magnolia, although requested so to do, have

refused to institute, prosecute or maintain a suit for the collection of said unlawful rentals and charges against appellees, and have refused to endeavor to collect said rentals and charges for the benefit of said Waterworks Improvement District 1 of Magnolia.

It is the established doctrine in this jurisdiction that a demurrer to a complaint admits the truth of its allegations. *Greer* v. *Strozier*, 90 Ark. 158, 118 S. W. 400; *Adams* v. *Primmer*, 102 Ark. 380, 144 S. W. 522; *Keopple & McIntosh* v. *National Wagonstock Co.*, 104 Ark. 466, 149 S. W. 75; *Hamiter* v. *State Nat. Bank of Texarkana*, 106 Ark. 157, 153 S. W. 94.

It appears therefore, for the purpose of this determination, that the contract between Waterworks Improvement District 1 of Magnolia and the Consumers' Ice & Light Company was executed and consummated by a board of commissioners acting for Waterworks Improvement District 1, who were stockholders at the time in the Consumers' Ice & Light Company.

On the question of the validity of the contract, between Waterworks Improvement District 1 and the Consumers' Ice & Light Company, in its inception, but little need be said. Section 5711, Crawford & Moses' Digest, provides: "It shall be unlawful for any board of improvement, or any member thereof, in any city or town in this State, to be interested either directly or indirectly in any contract made by the board for or on behalf of any improvement district."

Therefore, when it is admitted that the members of the board of commissioners of said Waterworks District 1 were stockholders in the Consumers' Ice & Light Company at the time said contract was executed and consummated, it follows as a matter of law that each of them was directly interested in said contract, which is inhibited by the plain provisions of the statute just quoted. Just how or why a stockholder in a corporation should not be considered as interested in the business and affairs of such corporation is not pointed out in the briefs, and we cannot conceive such being the law. Although a stockholder may own only one share of the capital stock

of a corporation, he is directly interested in its affairs. Any other construction of the statute under consideration would have the effect of nullifying it.

Counsel for appellees contend that we decided in *Davidson* v. *Sewer Improvement District*, 182 Ark. 741, 32 S. W. (2d) 1062, that a contract with a corporation was not inhibited by § 5711 merely because one of the contracting parties was a stockholder in such corporation. This is not the effect of the holding in the Davidson case. Primarily, the Davidson case presented the question of the validity of the assessment of benefits. Davidson contended that the mere fact that the McIlroy Bank & Trust Company had purchased and owned certain bonds of the improvement district which were obtained by said bank while J. H. McIlroy, the president thereof, was on the board of commissioners of the improvement district rendered the assessment of benefits invalid. The court determined that the assessment of benefits was valid, and that whether the McIlroy bank had contracted unlawfully with the board of commissioners of the improvement district subsequent to the assessment of benefits was not of controlling importance. Moreover, the language quoted from the Davidson case appears to be dictum and was not necessary to a decision of the point involved.

It seems to be the rule of universal application that any contract prohibited by a constitutional statute is absolutely void. *Ridge* v. *Miller*, 185 Ark. 461, 47 S. W. (2d) 587. See *Levison* v. *Boas*, 12 L. R. A. (N. S.) 575, and notes thereunder, page 583. *Tallman* v. *Lewis*, 124 Ark. 6, 186 S. W. 296.

Based upon reason and authority, the contract between the Waterworks Improvement District 1 of Magnolia and the Consumers' Ice & Light Company was and is void because inhibited by § 5711, Crawford & Moses' Digest. Appellee next contends that, although the contract may have been void in its inception, yet it was impliedly ratified by the city council of Magnolia subsequent to the assignment of the contract by the Consumers' Ice & Light Company to the Arkansas Power & Light

Company. The first answer to this contention is the complaint alleges that the ratification by the city council occurred prior to the assignment of the contract. Since the ratification was prior to the assignment of the contract, the question is presented whether or not this ratification was void under the allegations of the complaint. The complaint alleges that all members, save one, of the city council at the time of the ratification were stockholders in the Consumers' Ice & Light Company. Section 7520, Crawford & Moses' Digest, in effect, inhibits any member of the city council from being interested either directly or indirectly in any contract or job or services to be performed for the corporation. The only meaning of this section of the statute is that any contract made by the board of aldermen who are interested either directly or indirectly in the consideration of the contract is prohibited. Viewed from the allegations of the complaint, the ratification by the city council of the contract between the Waterworks District 1 and the Consumers' Ice & Light Company was inhibited by the section of the statute just quoted.

Moreover, since the contract has been determined to be null and void from its inception because prohibited by a constitutional statute, we know of no authority holding, and none have been cited in briefs, that such contract may be given life by subsequent acts of the parties. If the contract is void from its inception because being prohibited by statute, it cannot be vitalized by subsequent acts of the parties thereto or thereunder. The rule is thus stated in Page on the Law of Contracts, § 1038, "Ratification in its correct sense is impossible equally of an illegal and of a void contract." 13 C. J. 506, states the rule as follows: "A contract *malum in se* or against public policy cannot be made valid by ratification." In line with the authorities just quoted, we stated the rule in the early case of *Tucker* v. *West*, 29 Ark. 386, quoting from the fifth headnote: "Where the consideration of a contract is either wicked in itself, or prohibited by law, is void and incapable of ratification."

Lastly, it is contended on behalf of appellee that this case should be affirmed because the complaint shows

upon its face that appellants cannot recover any moneys that the Arkansas Power & Light Company has collected from the water consumers for the services rendered by it.

We cannot agree with this contention. Since we have determined that the contract was void in its inception, the Consumers' Ice & Light Company acquired no rights thereunder which may be enforced either in law or in equity. The position of the Arkansas Power & Light Company rises no higher than that of its assignor. The general rule is that, where a contract is expressly prohibited by law, and the statute in terms declares the contract to be null and void, no recovery can be had under it, and a taxpayer has a right to maintain an action to recover back money when its officers neglect or fail to perform their duty in that respect. *Capron* v. *Hitchcock*, 98 Cal. 427; *Winchester* v. *Frazier*, (Ky.) 43 S. W. 453; *Milford* v. *Milford Water Co.*, 124 Pa. St. 610.

The status, however, of appellees does not come strictly within the prohibition of the rule just stated. The prohibitory statute here involved does not, in terms, declare the contract to be "null and void." The rule seems to be that, in the absence of the prohibitory words "null and void" and where the contract has been performed by the parties in good faith, compensation may be retained measured by the reasonable value thereof. Such recovery, however, is not because of the contract, but is grounded squarely upon the proposition that valuable services having been rendered which have been accepted by the parties, it would be inequitable and unjust to permit one party to substantially gain under the contract to the great and irreparable damage of the other. *Smith* v. *Dandridge*, 98 Ark. 38, 135 S. W. 800; *Spearman* v. *Texarkana*, 58 Ark. 348, 24 S. W. 883; *Frick* v. *Berkley*, 61 Ark. 397, 33 S. W. 527; *Ark. State Highway Commission* v. *Keaton*, 187 Ark. 306, 59 S. W. (2d) 481.

For the errors indicated, the case will be reversed, and the cause remanded with directions to overrule appellees' demurrer and proceed not inconsistent with this opinion.

McHANEY, J., dissents.