GANTT *v.* ARKANSAS POWER & LIGHT COMPANY.

4-4767

Opinion delivered November 1, 1937.

*Marsh & Marsh* and *Whitley & Utley,* for appellants.

*C. W. McKay, H. Wade Kitchens, House, Moses & Holmes* and *Eugene R. Warren,* for appellees.

HUMPHREYS, J. This is the second appeal of this case to this court. The first appeal appears under the same style as this appeal, and is reported in 189 Ark.

449, 74 S. W. (2d) 232. The first appeal involved the correctness of the ruling of the chancery court to the effect that on demurrer, which admitted the truth of the allegations in the complaint, a cause of action was not stated.

This court reversed the decree of the chancery court, holding the complaint stated a cause of action, and remanded the case with directions to overrule the demurrer and to proceed consistent with the opinion.

In the opinion on the first appeal this court set out the complaint, or the material parts thereof, and instead of setting it out again in this opinion reference is made to the report of the case in 189 Ark. 449, 74 S. W. (2d) 232, where the complaint will be found.

Accepting the allegations of the complaint as true this court ruled on the first appeal that appellants herein, who were and are taxpayers in Waterworks Improvement District No. 1 had a right to institute and maintain this suit to recover the money due the district, when its commissioners failed or refused to do so; also that the contract entered into by the commissioners of said district and the Consumers Ice & Light Co., and the subsequent ratification of the contract by the city council or the subsequent proceedings under the contract were void because made in violation of § 5711 of Crawford & Moses' Digest, which is as follows:

"It shall be unlawful for any board of improvement, or any member thereof, in any city or town in this state, to be interested either directly or indirectly in any contract made by the board for or on behalf of any improvement district;" also that the Arkansas Power & Light Co., who became the assignee of the contract between said Consumers Ice & Light Co., and the Board of Commissioners of the district acquired no rights by virtue of the assignment which might be enforced in law or equity, specifically holding that the position of the Arkansas Power & Light Co., rises no higher than that of the assignor; also, that since the contract had been performed by the parties in good faith, compensation might be retained out of the proceeds received by said

companies for the reasonable cost of the operation thereof. On the face of the complaint this court on the first appeal also ruled that the contract was void from its inception, notwithstanding the ratification of the contract by the city council, and that no rights accrued to the Arkansas Power & Light Company under said contract or any subsequent proceedings growing out of the contract, except to retain a reasonable compensation for operating the waterworks plant.

Upon the remand of the cause appellants herein amended their complaint so as to allege that neither the Consumers Ice & Light Company nor the Arkansas Power & Light Company had any franchise to lease or operate a system of waterworks in the city of Magnolia at the time the lease contract was entered into or since that time, and that all subsequent proceedings thereunder were in violation of act 322 of the Acts of 1923, as follows:

"* * *; and provided further that no lease shall be made except to persons, firms or corporations holding a franchise to operate a system of water works, gas or electric plants in the city or town in which the plant or system to be leased is situated. No plant shall be taken over for operation under the provisions hereof unless and until lessee files with the town, city or district an approved bond, in such sum as the council or board of commissioners may require, for the faithful fulfillment of the terms of the lease."

Appellees herein filed an answer to the complaint denying all the material allegations therein and, as additional defenses pleaded laches and estoppel on the part of the appellants.

The following stipulation also appears in the record:

"Defendants admit the above allegation of plaintiffs' complaint, and hereby state that neither company operating the waterworks system in the city of Magnolia, Arkansas, operated under any other authority than that given it by Waterworks Improvement District No. One and the city council of the city of Magnolia, Arkansas." The cause was submitted to the court upon the plead-

ings and evidence, including all the exhibits, which resulted in a finding by the court that the contract was void under the decision of the Supreme Court of Arkansas on the former appeal, but that appellants are estopped by their acts and barred by laches, and for that reason an accounting is unnecessary, and a decree dismissing appellants' complaint at appellants' cost.

The record of the evidence including exhibits is voluminous, and to set out even the substance of the testimony of each witness would take many typewritten pages and extend this opinion to great length.

We agree with the finding of the chancery court that the allegations of the complaint relative to the invalidity of the contract are sustained by the weight of the evidence, but we can not agree with his finding that appellants were estopped to institute and maintain this suit or that they are barred by laches.

The contract was void from its inception because one of the commissioners owned stock in his own name and the other two owned stock in the name of their respective wives in the Consumers Ice & Light Company when they entered into the contract, and also because most of the members of the city council owned stock in said company when they ratified the contract. The law of this case declared on the first appeal is that the contract was void from its inception if at the time of making the contract they owned stock in said company.

This court also held that if at the time of the ratification of the contract members of the city council were stockholders in the Consumers Ice & Light Company that the ratification thereof was void under § 7520 of Crawford & Moses' Digest, which inhibits any member of the city council from being interested either directly or indirectly in any contract or job or services to be performed by the corporation. The evidence sustains the allegations of the complaint, hence the law declared by this court is the law of this case. This court also said that if the contract is void from its inception because inhibited by statute it can not be vitalized by subsequent acts of parties thereto or thereunder, and that declara-

tion of the law under the evidence adduced has become and is the law of this case. This court also held on the first appeal that if the contract was void from its inception on account of being made in violation of a constitutional statute, but that the statute did not in terms declare the contract to be null and void, that the parties to it having performed the contract in good faith might retain out of the proceeds received from the operation thereof the reasonable value of the services rendered; and since the evidence in this case reflects that the contract was void from its inception, and that the ratification thereof was void and that all their acts subsequent thereto were void this declaration of law has become and is the law of this case.

From the time this plant was leased by the Consumers Ice & Light Company, and during the time its assignee, the Arkansas Power & Light Company, has operated same both companies became and still are trustees for said district in the operation of the plant. Under the facts adduced at the trial of this cause this relation of trusteeship still exists and has existed all the time. As long as such relationship exists appellees could not and can not interpose the defense of laches and estoppel to the demand by the *cestuis* for an accounting. Under the rule announced on the first appeal of this case they are entitled to compensation for operating said plant measured by the reasonable value of such services.

In the case of *Shorman* v. *Eakin,* 47 Ark. 351, 1 S. W. 559, Mr. Justice Battle said in writing the opinion: "No one, as a rule, can estop himself from taking advantage of that which is contrary to public policy. Contracts, as a general rule, can not vest in parties any rights in contravention of law or public policy."

Again appellants have pleaded in this case that appellees have never had a franchise from the city of Magnolia to lease and operate a waterworks system. The evidence in this case shows that they have never obtained a franchise. They argue that the contract entered into with the commissioners of the district, and ratified by the city council was tantamount to giving them a fran-

930

chise. This contract was void from its inception, and at the time it was ratified and all the proceedings thereunder were void because they were prohibited from making such a lease with either the city or the commissioners of the district to operate said plant. Certainly a void contract and void proceedings thereunder can not become a franchise.

On account of the error in dismissing appellant's complaint, and refusing to state an account between them or to appoint a master to state the account between these parties the judgment is reversed with directions to reinstate the complaint and to state an account between these parties taking as a basis therefor the amount they have received in operating the plant, and deducting therefrom a reasonable compensation for operating same, and to render a judgment in favor of appellants for any balance that may be due them, and to return the plant to the city and commissioners of the water district.

GRIFFIN SMITH, C. J., SMITH and McHANEY, JJ., dissent.