The Honorable Irma Hunter Brown State Representative 1920 South Summit Street Little Rock, Arkansas 72202-6250
Dear Representative Brown:
This letter is a response to your request for an opinion regarding the bidding process that is required of schools in privatizing certain aspects of their services. You have presented the following questions:
 (1) If a public school district in Arkansas wishes to use a service contract to replace or "privatize" a school service, such as food service, is the district required to obtain competitive bids for those kinds of service contracts?
 (2) If the answer to Question 1 is "no," does the answer change if the private contractor is required under the contract to provide all the equipment (i.e., personal property) to prepare the food and to clean dishes after the food is served?
 (3) Can a service contract include a requirement that a contractor will supply personal property to the school district as well as personal services without competitive bids being required?
RESPONSE
Question 1 — If a public school district in Arkansas wishes to use aservice contract to replace or "privatize" a school service, such as foodservice, is the district required to obtain competitive bids for thosekinds of service contracts?
It is my opinion that public school districts in Arkansas are required to obtain competitive bids for service contracts if: (1) The contract is for a non-personal or non-professional service; and (2) The price of the service to be purchased pursuant to the contract will be $5,000.00 or greater. However, the purchasing official is authorized to reject all bids and negotiate a contract. If this approach is taken, all bidders must be notified and given an opportunity to negotiate. It is my further opinion that if the price of the service in question will be less than $5,000.00, or if the service is a personal or professional service, competitive bidding is not required.
This question is governed by A.C.A. § 6-21-304, which states in pertinent part:
 (a) All purchases of commodities by any school district, except those specifically exempted by § 6-21-305, shall be made as follows:
 (1) In each instance in which the estimated purchase price shall equal or exceed five thousand dollars ($5,000), the commodity shall be procured by soliciting bids, provided that the purchasing official may reject all bids and may purchase the commodity by negotiating a contract. If the purchasing official, after rejecting all bids, determines that the purchase should be made by negotiation, then each responsible bidder who submitted a bid shall be notified of the determination and shall be given a reasonable opportunity to negotiate;
 (2) Open market purchases may be made where the purchase price is less than five thousand dollars ($5,000).
A.C.A. § 6-21-304(a)(1) and (2). Two key terms in the above-quoted provision are the terms "commodities" and "open market purchases." Their usage in this statute is defined in the same statutory chapter, as follows:
 "Commodities" means all supplies, goods, material, equipment, machinery, facilities, personal property, and services, other than personal and professional services, purchased for or on behalf of the school district, and does not include school buses;
 "Open market purchases" means those purchases of commodities by any purchasing official in which competitive bidding is not required.
A.C.A. § 6-21-301(2) and (5).
The terms "personal services" and "professional services," as used in the statute, are not defined. In traditional usage, the term "personal services" refers to services that are provided by a specific named individual. The Arkansas Supreme Court has, for example, recognized the services rendered pursuant to an individual employment contract as constituting "personal services." See, e.g., Interstate Freeway Servicev. Houser, 310 Ark. 302, 835 S.W.2d 872 (1992). The meaning of the term "professional services" can be more readily ascertained from common usage, and likely refers to contracts such as those entered into between the school district and teachers. (Because of the absence of ambiguity, it is appropriate to derive the meaning of this term from common usage.See Gibson v. City of Trumann, 311 Ark. 561, 845 S.W.2d 515 (1993).)
On the basis of the above quoted statutory provisions and the relevant interpretation of the terms used therein, I conclude that if the service that the school district seeks to privatize is non-personal or non-professional, and if the price of that service will be $5,000.00 or greater, the school district must obtain competitive bids.[1] The district may reject all bids and negotiate the contract, provided that it gives all bidders an opportunity to negotiate. I further conclude that if the service in question is personal or professional, or if the price of the service will be less than $5,000.00, the school district need not obtain competitive bids.
Question 2 — If the answer to Question 1 is "no," does the answer changeif the private contractor is required under the contract to provide allthe equipment (i.e., personal property) to prepare the food and to cleandishes after the food is served?
It is my opinion that the requirements set forth in response to Question 1 will apply regardless of the fact that the contract may require the contractor to provide personal property.[2]
The rules stated in A.C.A. § 6-21-304 apply to the acquisition of all "commodities." The above-quoted definition of "commodities" indicates that the term encompasses both (non-personal, non-professional) services and personal property.
I therefore must conclude that the competitive bids requirements discussed above will apply to contracts requiring the provision of personal property as well as to contracts requiring the provision of (non-personal, non-professional) services.
Question 3 — Can a service contract include a requirement that acontractor will supply personal property to the school district as wellas personal services without competitive bids being required?
It is my opinion that a contract for the provision of both personal property and personal services cannot include a provision circumventing the statutory competitive bidding requirements. Contracts that violate statutes are void. Gannt v. Arkansas Power Light Co., 189 Ark. 449,74 S.W.2d 232 (1934).
It is true that "personal services" are expressly excepted from the definition of the term "commodities" set forth above. Presumably, therefore, the acquisition of "personal services" by school districts does not require competitive bidding. However, as discussed previously, competitive bidding is required for school districts' acquisition of personal property and (non-personal, non-professional) services. Because the contract that you have described in Question 3 would include the provision of personal property, for which competitive bidding is required, I must conclude that the contract cannot provide that competitive bidding will not be required.[3]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that under the provisions of A.C.A. § 6-21-303, the board of directors of each school district is given the authority to establish a method of soliciting bids.
[2] Instances may occur in which the provision of personal property is strictly incidental, rather than central, to the provision of the service for which the school district has contracted. The question of whether competitive bidding would be required in those instances would require an analysis, on a case-by-case basis, of both the service and the property being provided under the contract.
[3] See footnote 2.