The Honorable Preston Scoggin State Representative 59 Marshall Road South Vilonia, AR 72173-9335
Dear Representative Scroggin:
I am writing in response to your request for my opinion concerning conflict of interest prohibitions. You have provided copies of two Arkansas statutes, A.C.A. § 14-42-107 (prohibiting municipal officers and employees from being interested in certain municipal contracts) and A.C.A. § 14-77-108 (the penalty provision of the Local Fiscal Management Responsibility Act).[1] You have also enclosed with your request a copy of what appears to be the minutes of the June 16, 1986, annual meeting of the "Vilonia Waterworks Association." This document refers to a resolution that makes it "illegal for a Director on the Board of Directors to contract work from the Association."
You state that you are requesting an Attorney General's opinion regarding these documents, and you add:
 More specifically, does this (the enclosed documents) apply towards public water boards or facilities?
RESPONSE
I must note as an initial matter that clarification of what is meant by "public water boards or facilities" may be necessary for a conclusive response to this question. Specifically, I am somewhat uncertain whether your inquiry encompasses only water boards or facilities that are governmental entities, or whether it is also directed toward private
entities that supply water to the public.
Additionally, although it is not entirely clear from the wording of your question, I assume that the Vilonia Waterworks Association is not the subject of your inquiry, and that you have provided its minutes simply to illustrate a proscription against self-dealing that is similar to the one applicable to municipal officers and employees under A.C.A. § 14-42-107
(Supp. 2003), which you have also referenced. This latter statute prohibits any municipal official or employee from "being interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality[,]" unless specific authority exists by ordinance or the contract falls within the exception applicable to corporate contracts.[2] The other statute you have referenced, A.C.A. § 14-77-108 (Repl. 1998), imposes a civil penalty on any officer or employee of a county, municipality, or school district who violates the fiscal laws applicable to the subdivision.[3]
In light of the similarity of these provisions, it appears that you are asking whether a comparable prohibition applies to officers or employees of governmental water boards or facilities, and possibly private water suppliers.
It is my opinion that this question cannot be definitively answered without knowing the nature of the board or facility and the statutory authority under which it was created. One particular statute applies, for instance, to the board of a municipal waterworks improvement district. Arkansas Code Annotated § 14-88-309(a) (Repl. 1998) states that "[i]t shall be unlawful for any board of improvement, or any member thereof, in any city or town in this state to be interested, either directly or indirectly, in any contract made by the board for, or on behalf of, any improvement district." See Gantt v. Ark. Power Light Co.,189 Ark 449, 74 S.W.2d 232 (1934) (involving a contract between a municipal waterworks district and a corporation in which the commissioners of the district were stockholders). A violation of this statute constitutes a felony, punishable by a fine and imprisonment. Id. at subsection (b).
Officers and employees of other municipal water boards or facilities will of course be subject to A.C.A. 14-42-107 and 14-77-107, supra. According to my research, however, there are no statutes similar to these with general applicability to all boards or facilities that supply water to the public. A separate conflict of interest statute applicable to public entities should perhaps be noted, however. Arkansas Code Annotated §21-8-304 (Supp. 2003) states:
 (a) No public official or state employee shall use or attempt to use his or her official position to secure special privileges or exemption for himself or herself or his or her spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he or she has a substantial financial relationship that is not available to others except as may be otherwise provided by law.
 (b) No public official or state employee shall accept employment or engage in any public or professional activity while serving as a public official which he or she might reasonably expect would require or induce him or her to disclose any information acquired by him or her by reason of his or her official position which is declared by law or regulation to be confidential.
 (c) No public official or state employee shall disclose any such information gained by reason of his or her position, nor shall he or she otherwise use such information for his or her personal gain or benefit.
This statute reflects certain aspects of the common law prohibition of conflicts of interest that applies to public servants. The public policy underlying the statute is reflected in the following description of the common law prohibition:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204. See also Op. Att'y Gen. Nos. 2001-042; 2000-072; 99-349; 98-275; 94-283; and 94-446, citing Van Hovenberg v.Holman, 201 Ark. 370, 144 S.W.2d 719 (1940); Madden v. United StatesAssociates, 40 Ark. App. 143, 844 S.W.2d 374 (1992); Acme Brick Co. v.Missouri Pacific R.R., 307 Ark. 363, 821 S.W.2d 7 (1991); and 63A Am.Jur.2d, Public Officers and Employees § 321.
These conflict of interest proscriptions will obviously only apply if the officers of the particular water board or facility are public officers. Regarding private entities, I believe it would be necessary to consult the bylaws of the particular board or facility in order to determine what, if any, self-dealing restrictions have been placed on officers or employees.
Regarding private entities, as a final note, I should mention the statutory procedure for converting a private nonprofit water supplier into a "public water authority." See A.C.A § 4-35-101 et seq. (Supp. 2003) (the "Water Authority Act.") You have provided no information suggesting that your question implicates such an entity. But a water authority that falls under the Water Authority Act is statutorily defined as being a "public body politic and governmental entity." A.C.A §4-35-103(10). See also A.C.A §§ 4-35-101, -105(c) and -203(a) (1). Subsection 4-35-104(b) further declares:
 All acts and activities of a water authority performed pursuant to the authority of this chapter are legislatively determined and declared to be essential governmental functions.
Subsection 4-35-108 states:
 Each project by a water authority and all income from each project is determined and declared by the General Assembly to be public property used exclusively for a public purpose and shall be exempt from ad valorem taxation by all taxing authorities.
It is my opinion in light of these declarations that the officers of a "public water authority" are "public officials" whose personal interests must defer to the public duty in accordance with the above conflict of interest restrictions.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] This latter statute imposes a civil penalty on any officer or employee of a county, municipality, or school district who violates the fiscal laws applicable to the subdivision. These fiscal laws are set out in A.C.A. § 14-77-102(5) (Repl. 1998), and they include A.C.A. §14-42-107, supra. See A.C.A. § 14-77-102(5)(B)(i).
[2] The prohibition does not apply to "contracts for furnishing supplies, equipment, or services to be performed for a municipality by a corporation in which no alderman, council member, official, or municipal employee holds any executive or managerial office or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members." Id. at subsection (b)(2).
[3] The fiscal laws are set out in A.C.A. § 14-77-102 (5) (Repl. 1998), and they include A.C.A. § 14-42-107, supra. See A.C.A. § 14-77-102
(5) (B) (i).