## AMERICAN FIDELITY FIRE INSURANCE COMPANY *v.* BUILDERS UNITED CONSTRUCTION, INC. et al

81-24                                         613 S.W. 2d 379

Supreme Court of Arkansas
Opinion delivered March 16, 1981
[Rehearing denied April 20, 1981.]

*Napper, Wood, Hardin, Grace, Downing & Allen, P.A.,* for appellant.

*Erwin L. Davis* and *Lisle & Watkins,* for appellees.

JOHN I. PURTLE, Justice. Appellant filed a suit against appellees to recover money paid on appellees' behalf while acting as surety for them on a construction contract. Appellant issued its policies without the signature of a valid agent as required by Ark. Stat. Ann. § 66-2221 (Repl. 1980). Appellees' motion for summary judgment was granted on the grounds that contracts in violation of a statute are void even though not expressly declared so. The court further held that it would not lend its authority to enforcement of recovery under the terms of an illegal contract.

The only argument on appeal is that the trial court erred in granting appellees' motion for summary judgment. We agree with the trial court and affirm the order granting a summary judgment to appellees.

American Fidelity Fire Insurance Company issued a performance bond as surety on behalf of Builders United Construction, Inc. The construction company defaulted and American Fidelity suffered losses totaling $82,071.19 in completing the contracts which they had guaranteed. At the time the surety contract was entered into Terry Hardesty, Sandra Hardesty, Larry McGarrah, Louise McGarrah, Ray Rogers and Carol Rogers signed a general agreement of indemnity in which they agreed to be personally liable for any losses incurred by the guarantor.

On June 1, 1978, the insurance company, appellant, filed suit in the Benton County Circuit Court against the appellees seeking to recover the amount of damages incurred in completing the contracts. Ray Rogers and Carol Rogers filed an answer denying all liability to appellant. Larry McGarrah and Louise McGarrah denied all liability to appellant. Neither the Hardestys nor Builders United Construction filed any pleading.

Payment in accordance with the agreement of indemnity was denied for the reason that the appellant's agent was not licensed to sign the surety policies. The trial court found that the agent for American was not licensed as an agent in the state of Arkansas as required by law. The court further found that the policies were not countersigned by a resident licensed agent as required by law.

All parties agree that Ark. Stat. Ann. § 62-2221 (Repl. 1980) requires a performance bond to be issued through an agent in this state. The statute recites that the mere countersigning of a bond by an agent shall not be sufficient. The penalty for violation of this statute allows the commissioner of insurance to revoke the certificate of authority of any insuror which violates this policy. Therefore, there is no disagreement about the fact that appellant failed to comply with the statute relating to issuance of such policies.

In the case of *Vick Consolidated School District No. 21 v. New*, 208 Ark. 874, 187 S.W. 2d 948 (1945), we stated:

> There are those cases in which an individual has dealt with the district, council, board, or other governmental subdivision in plain violation of the letter of the statute, and has received public money under a course of dealings forbidden by statute. In those cases the courts have not only refused the individual the quantum meruit for his services rendered, but have also allowed recovery by the governmental subdivision of any monies paid the individual, on a contract forbidden by statute.

In the case of *Gantt v. Arkansas Power & Light Co.*, 189 Ark. 449, 74 S.W. 2d 232 (1934), we stated:

> It seems to be the rule of universal application that any contract prohibited by a constitutional statute is absolutely void.

We cited as authority for the foregoing statement *Ridge v. Miller*, 185 Ark. 461, 47 S.W. 2d 587 (1932). In *Gantt* we held that if the contract is void from its inception because it is prohibited by statute, it cannot be vitalized by subsequent acts of the parties thereto. Therefore, the appellant cannot force compliance with its illegal contracts.

We think the summary judgment was proper because there were no unresolved issues of fact to be determined by the trial court. Since we agree with the decision of the trial court, the case must be affirmed.

Affirmed.

GEORGE ROSE SMITH and HAYS, JJ., dissent.

STEELE HAYS, Justice, dissenting. The rule of law relied upon by the majority in affirming this case is not properly applicable to the circumstances presented. The decisions cited by the majority opinion dealt with the effects of statutes which are fundamentally different in their nature and purpose than the statute in question in this appeal.

In *Vick Consolidated School District No. 21* v. *New*, 208 Ark. 874, 187 S.W. 2d 948 (1945), the court was presented with a contract by an unlicensed teacher to teach in the named school district. The statute at issue in *Vick* read:

> That any person who shall teach in a common school in this state, without a certificate of his qualification to teach, shall not be entitled to receive for such services any compensation. . . .

Act 46 of 1875, § 80.

The decision reached in *Vick* was, I believe, correct. The nature of the statute at issue was clearly prohibitory; its clearly expressed purpose was to prevent unqualified persons from teaching in public schools.

Here, however, the statutes in question are of a far different nature and purpose. Nothing in Ark. Stat. Ann. §§ 66-2221 and 66-2222 is prohibitive of the contract at issue in this case. And further, the apparent purpose of those two statutes is merely to ensure that "a resident agent . . . shall be entitled to the full commission paid local agents." Ark. Stat. Ann. § 66-2221 (2).

Even in *Gantt* v. *Arkansas Power & Light Co.*, 189 Ark. 449, 74 S.W. 2d 232 (1934), cited by the majority, we recognized the principle that unless the statute involved absolutely prohibited the contract in question, some form of recovery was possible.

> The prohibitory statute here involved does not, in terms, declare the contract to be "null and void." The rule seems to be that, in the absence of the prohibitory words "null and void" and where the contract has been performed by the parties in good faith, compensation may be retained measured by the reasonable value thereof. Such recovery, however, is not because of the contract, but is grounded squarely upon the proposition that valuable services having been rendered which have been accepted by the parties, it would be inequitable and unjust to permit one party to substantially

gain under the contract to the great and irreparable damage of the other. [Citations omitted.] *Gantt*, at 455.

And as early as *Blanks* v. *American Southern Trust Co.*, 177 Ark. 832, 9 S.W. 2d 310 (1928), we applied the theory of estoppel to prevent a defendant from asserting the defense of illegality in order to escape his contractual duties once the agreement was partially performed.

It may have been true, as the majority asserts, that at the time of *Gantt*, (1934) or even *Vick*, (1945), "the rule of universal application [is] that any contract prohibited by a constitutional statute is absolutely void,"; however, such is no longer the majority view.

As stated at 15 *Williston on Contracts*, 3d Ed., § 1764:

The general rule that an illegal contract is void and unenforcible is, however, not without exception. It is not universal in its application. It is qualified by the exception that where a contract is not evil in itself, and its validity is not denounced as a penalty by the express terms of or by rational implication from the language of the statute which it violates, and that statute prescribes other specific penalties, it is not the province of the courts to do so, and they will not thus affix an additional penalty not directed by the lawmaking power. (at p. 238.)

I am of the opinion that where, as here, the statute is not in the nature of an absolute prohibition of the contract at issue, and where the purpose of the statute is one other than to protect the parties from the precise harm contemplated by the statute, then the party asserting the illegality of the contract should be estopped from raising such a defense to avoid his contractual duties where the contract has been fully performed on one side.

The effect of the majority's decision today is to allow the appellees the full protection of the bond, under which appellant has paid claims totalling $82,071.19, for appellees'

default, also allowing them to avoid their own contractual liability to appellant as guarantors. Such a result is contrary to the underlying principles of fair play which the estoppel doctrine was intended to protect.

I would reverse the trial court in granting the summary judgment.

GEORGE ROSE SMITH, J., joins in this dissent.