Charles E. JAMES *v.* J.F.K. CARWASH, INC., Billy D. MANSELL and David F. GRUBBS

81-196                                                  628 S.W. 2d 299

Supreme Court of Arkansas
Opinion delivered February 16, 1982
[Rehearing denied March 22, 1982.]

*Tucker & Stafford,* for appellant.

*Thurman & Capps, Ltd.,* by: *Rita W. Gruber,* for appellees.

ROBERT H. DUDLEY, Justice. The issues on appeal are whether a corporate promissory note which was given for an ultra vires repurchase of corporate stock is void and whether there is liability because of an accompanying personal guaranty of the corporate promissory note. Jurisdiction in this court is pursuant to Rule 29 (1) (c) as the appeal involves the interpretation and construction of Ark. Stat. Ann. § 64-105 (Repl. 1980), which provides that a corporation may repurchase its own shares out of earned surplus, and § 64-106, which restricts the use of defenses based on an ultra vires act.

Appellee Mansell organized the appellee J.F.K. Carwash, Inc., and sold a one-third interest each to appellant James and appellee Grubbs. Appellant James wanted out of the operation and eventually all three agreed that the corporation would repurchase his shares. This debt for the repurchase of corporate stock was evidenced by appellee's corporate promissory note which was secured by the personal guarantees of appellees Mansell and Grubbs. On the date the note and guaranty were signed the corporation had a deficit of $16,184.36 and had no unrestricted earned surplus. One of the applicable statutes, § 64-105, requires that stock be repurchased out of unrestricted earned surplus except in limited situations not germane to this case. The corporation was unable to make the payments as they became due and the appellant filed suit for the unpaid principal. The appellees contended that the note was void because it was ultra vires. The trial court relied on *American Fidelity Fire Insurance Co.* v. *Builders United Construction, Inc. et al,* 272 Ark. 179, 613 S.W. 2d 379 (1981) and held that appellee corporation's promissory note was void because the corporation had insufficient earned surplus to repurchase appellant James' stock as required by § 64-105. The trial

court further concluded that since the promissory note was void, the underlying personal guarantees were void. See *Ryder Truck Rental, Inc.* v. *Kramer,* 263 Ark. 169, 563 S.W. 2d 451 (1978). We reverse.

The promissory notes in *American Fidelity Fire Insurance Co.* v. *Builders United Construction, Inc.,* supra, and *Ryder Truck Rental, Inc.* v. *Kramer,* supra, were void because they were evidence of a debt arising from a transaction which had been declared by law to be prohibited. In the first case the statute required that an insurance agent be licensed in this State and we held that an indemnity agreement executed by a non-licensed agent in violation of that statute was void, while in the second case the contract called for more than 10 percent interest per annum and Article 19, § 13 of the Arkansas Constitution provides that such contracts are ". . . void as to principal and interest . . . " In the case before us the statute provides that ultra vires acts shall not be invalid except in some circumstances which are not applicable. Thus there is no prohibitory statute which in turn causes the note to be void.

The ability of a corporation to acquire and dispose of its own shares is one of the segments of a symmetrical statutory structure dealing with corporations. Section 64-104 grants general powers to a corporation. Section 64-105 delineates the restrictions on a corporation purchasing its own stock and § 64-106 provides that when a corporation acts in excess of its powers such action will not be invalid solely because the corporation was without either the capacity or the power to do such act. This latter section provides:

Defense of ultra vires. — No act of a corporation and no conveyance or transfer of real or personal property to or by a corporation shall be invalid by reason of the fact that the corporation was without capacity or power to do such act or to make or receive such conveyance or transfer, but such lack of capacity or power may be asserted: . . .

None of the conditions for asserting lack of capacity or power are applicable to this case. They are:

A. A shareholder may sue the corporation to enjoin the performance of an ultra vires contract.
B. A stockholder may bring a derivative suit for damages in favor of the corporation against officials who have diverted business by ultra vires acts.
C. The Attorney General is authorized to enjoin unauthorized or ultra vires acts.

The juxtaposition of the statutes is not mere coincidence; it is because the General Assembly wanted to confer limited powers on corporations and to limit causes of action and defenses based on an act in excess of those powers. None of the statutory conditions are present for an assenting stockholder to assert the defense of ultra vires. The promissory note is not invalid as an ultra vires instrument and, accordingly, the underlying personal guarantee is not invalid. The holding of the trial court that the instruments are void is reversed and remanded.