**AMERICAN DRUGGISTS' INSURANCE COMPANY, Plaintiff,**

v.

**Porter BROWNLEE, Diane Brownlee, Nadine Brownlee, Tudie S. Patti and Neva Jane Patti, Defendants.**

No. LR–C–82–614.

United States District Court,
E.D. Arkansas, W.D.

May 18, 1983.

Arthur H. Stuenkel, North Little Rock, Ark., for plaintiff.

Gregory M. Hopkins, Little Rock, Ark., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### INTRODUCTION

WOODS, District Judge.

Plaintiff seeks recovery against defendants on an indemnity agreement executed by them in conjunction with the issuance of performance and labor and material payment bonds issued by plaintiff and set out more particularly hereinafter. The parties have entered into a comprehensive stipulation of facts and have agreed that these facts are the controlling facts on the issue of enforceability of the underlying surety bonds and the indemnity agreement which plaintiff seeks to enforce. Defendants have reserved the right to a hearing on the question of the amount of damages to which plaintiff is entitled to recover if plaintiff prevails on the issue of liability. (Defendant maintains that certain limitation issues prevent recovery against them of all the damages requested.)

### FINDINGS OF FACT

1. Defendant, Porter Brownlee, has filed a Petition in Bankruptcy and the automatic stay issued in conjunction with said petition bars plaintiff from asserting its cause of action against defendant, Porter Brownlee, in this action.

2. On or about September 11, 1978, defendants Tudie S. Patti, Diane Brownlee, Neva Jane Patti, and Nadine Brownlee executed a General Indemnity Agreement. A copy of this agreement is attached as Exhibit "1" to the Stipulation of Facts. This indemnity agreement and all signatures affixed thereto were required by plaintiff, American Druggists' Insurance Company, before plaintiff would execute any surety bonds on behalf of B & B, Inc.

3. On or about October 2, 1979, B & B, Inc. entered into a contract with Cook Management, Inc. for the construction of a project known as building number 5 shell, Treehouse Condominiums. As required by the terms of said contract, Porter Brownlee, as President of B & B, Inc., contacted Mr. Edward C. Kienzle of St. Louis, Missouri, an attorney-in-fact for American Druggists' Insurance Company, and obtained the performance bond and payment bond, copies of which are attached as Exhibits "2" and "3" respectively to the Stipulation of Facts.

4. On or about October 2, 1979, B & B, Inc. entered into a contract with Cook Management, Inc. for the construction of a project known as Building Number 5 finish, Treehouse Condominiums. As required by the terms of said contract, Porter Brownlee, as President of B & B, Inc., contacted Mr. Edward C. Kienzle, and obtained the performance bond and payment bond, copies of which are attached as Exhibits "4" and "5", respectively to the Stipulation of Facts.

5. On or about September 21, 1979 B & B, Inc. entered into a contract with Cook Management, Inc. for the construction of a project known as building number six shell, Treehouse Condominiums. As required by the terms of said contract, Porter Brownlee, as President of B & B, Inc., contacted Mr. Edward C. Kienzle and obtained the performance bond and payment bond, copies of which are attached as Exhibits "6" and "7", respectively to the Stipulation of Facts.

6. On or about September 21, 1979, B & B, Inc. entered into a contract with Cook Management, Inc. for the construction of a project known as building number six finish, Treehouse Condominiums. As required by the terms of said contract, Porter Brownlee, President of B & B, Inc., contacted Mr. Edward C. Kienzle and obtained the performance bond and payment bond, copies of which are attached as Exhibits "8" and "9", respectively to the Stipulation of Facts.

7. On or about May 23, 1979, B & B, Inc. entered into a contract with Cook Management, Inc. for the construction of a project known as building number seven finish, Treehouse Condominiums. As required by the terms of said contract, Porter Brownlee, as President of B & B, Inc., contacted Mr. Edward C. Kienzle and obtained the performance bond and payment bond, copies of which are attached as Exhibits "12" and "13", respectively to the Stipulation of Facts.

8. On or about May 23, 1979, B & B, Inc. entered into a contract with Cook Management, Inc. for the construction of a project known as building number seven shell, Treehouse Condominiums. As required by the terms of said contract, Porter Brownlee, as President of B & B, Inc. contacted Mr. Edward C. Kienzle and obtained a performance bond and payment bond, copies of which are attached as Exhibits "10" and "11", respectively to the Stipulation of Facts.

9. During the course of construction of the contracts referred to above, B & B, Inc. entered into a subcontract with Central Industrial Electric Company. Pursuant to the terms of said subcontract, Central Industrial Electric Company was to provide certain labor and materials for construction of the electrical portions of the contracts between B & B, Inc. and Cook Management.

10. As a result of circumstances beyond its control, B & B, Inc. was unable to pay Central Industrial Electric Company for certain work performed under the subcontract between Central Industrial Electric Company and B & B, Inc. As a result of the inability of B & B, Inc. to pay Central Industrial Electric, Central Industrial Electric made claims against the subject payment bonds.

11. As an attempt to determine its liability under its payment bonds, American Druggists Insurance Company obtained the Affidavit of Porter Brownlee, a copy of which is attached as Exhibit "14" to the Stipulation of Facts. Based upon the representations contained in the Affidavit, American Druggist Insurance Company paid to Central Industrial Electric Company the sum of $13,694.60.

12. At all times relevant hereto, Mr. Edward C. Kienzle did not hold a license as a resident or non-resident agent or broker for selling insurance in the State of Arkansas. It is further stipulated that the bonds, copies of which are attached to the Stipulation of Facts, were issued by a non-resident agent and were not countersigned by a resident agent.

### CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter of this action. 28 U.S.C. § 1332.

■ 2. The defendants are not estopped from relying on the defense that the bonds were issued by a non-resident agent and were not countersigned by a resident agent.

3. *American Fidelity Fire Ins. Co. v. Builders United Construction, Inc., et al.,* 272 Ark. 179, 613 S.W.2d 379 (1981) is indistinguishable from the facts in the instant case.

4. *American Fidelity, supra,* held that an insurer (such as plaintiff herein) could not recover from individuals who had signed a general agreement of indemnity, executed in conjunction with surety bonds, for money paid under the surety bonds where the bonds were issued by a non-resident agent and were not countersigned by a resident agent. Ark.Stat.Ann. §§ 66–2221, 66–2222.

■ 5. Plaintiff may not recover on the defendants' indemnity agreement due to the failure of the plaintiff to comply with the signature/countersignature statutes set out above. *American Fidelity, supra.*

6. Defendants are entitled to judgment in this case dismissing plaintiff's complaint with prejudice.